Howell, Judge,
delivered the opinion of the court:
Plaintiff, Dr. Warren F. Draper, sues to recover the difference between the retirement pay he received for the period from September 1,1947, to October 1,1949, based on the rank of Brigadier General, and the retirement pay he urges he should have received for that period based on the rank of Major General.
Dr. Draper became a commissioned officer in the United States Public Health Service in 1910. Pursuant to the Act of August 9, 1939 (53 Stat. 1266), he was appointed Assistant to the Surgeon General with a rank, pay, and allowances corresponding to that of a Brigadier General in the Army,, effective September 1, 1939.
On April 27, 1944, Dr. Draper was detailed to the U. S. Army with the rank of Brigadier General, retaining his posi *629 tion of Assistant to the Surgeon General. Pursuant to the Act of July 1, 1944 (58 Stat. 682, 684, §205 (a)), he was made Deputy Surgeon General.
On August 7,1944, while Dr. Draper was still detailed to the Army, he was promoted to the temporary rank of Major General, effective July 1, 1944. This action was taken pursuant to the Act of June 28,1944 (58 Stat. 547,560). Following this promotion and for the duration of plaintiff’s detail to the Army, he retained his position of Deputy Surgeon General.
On September 17, 1945, Dr. Draper’s Army detail was terminated, and he returned to active duty in the United States Public Health Service as Deputy Surgeon General, reverting to his old grade of Brigadier General.
On September 1,1947, Dr. Draper was retired from Public Health Service. Prior to his retirement, the Federal Security Administrator had asked the Comptroller General for a ruling as to whether Dr. Draper’s retirement pay should be based on the pay of a Major General or on the pay of a Brigadier General. The Federal Security Administrator called the Comptroller General’s attention to Section 211 (c) (2) of the Act of July 1,1944 (58 Stat. 682, 688), which provided that the retired pay of a commissioned officer who had served four years or more as Deputy Surgeon General should be based on the pay of the highest grade held by him as such Deputy Surgeon General. The Comptroller General, in a letter to the Federal Security Administrator dated March 11.1947, designated B-63834, ruled that Dr. Draper’s retirement pay should be based on the pay of a Brigadier General.
On October 1,1949, pursuant to the Act of August 12,1949 (63 Stat. 802, 829, § 511), which provided that members of the uniformed services, theretofore retired for reasons other than physical disability, should be entitled to receive retirement pay based on their highest federally recognized rank or grade, whether permanent or temporary, Dr. Draper’s retired pay was raised to the retired pay of a Major General.
It is plaintiff’s contention that for the period September 1.1947, to October 1,1949, he was entitled to have his retired pay based on the pay of a Major General. The defendant contends that plaintiff is not entitled to the amount sued for *630 because be did not serve as Deputy Surgeon General for four years as required by Section 211 (c) (2) of the Act of July 1,1944 (58 Stat. 682, 688). The defendant further contends that if the Court should find that Dr. Draper did serve as Deputy Surgeon General for four years or more, he is still not entitled to have his retired pay based on the pay of a Major General because his appointment as Major General while serving with the U. S. Army was a temporary appointment, and was not received by virtue of his holding the office of Deputy Surgeon General.
As noted above, plaintiff became Deputy Surgeon General on July 1,1944, and he held such title from that date to the date of his retirement on September 1, 1947, or for a period of threé years and two months. It is plaintiff’s contention that the Act of July 1,1944 (58 Stat. 682, 684), did no more than change the title of his office from that of “Assistant to the Surgeon General” to “Deputy Surgeon General,” and that he is, therefore, entitled to count his service as Assistant to the Surgeon General in meeting the four-year requirement of Section 211(c) (2) of the same Act for the purposes of retired pay.
The Act of August 9, 1939 (53 Stat. 1266), providing for the detail of a commissioned medical officer of the Public Health Service to serve as Assistant to the Surgeon General, provides as follows:
That there shall be in the Public Health Service a commissioned medical officer of the Health Service, who shall be known as the Assistant to the Surgeon General, and who shall perform such duties as the Surgeon General may prescribe and shall act as Surgeon General during the absence or disability of the Surgeon General or in the event that there is a vacancy in the office of the Surgeon General. The Assistant to the Surgeon General, while serving as such Assistant, shall have a rank in the Public Health Service which shall correspond to that held by a brigadier general in the United States Army, and shall be entitled to the same pay and allowances as a brigadier general in the Army.
The above Act was superseded by section 205 (a) of the Act of July 1, 1944 (58 Stat. 682, 684), which provided for a Deputy Surgeon General as follows.:.
*631 . ' Seg. 205. (a) The Surgeon General shall assign one commissioned officer from the Tegular Corps to adminr ister the Office of the Surgeon General, to act as Surgeon General during the absence or disability of the Surgeon General or in the event of a vacancy in that office, and to perform such other duties as the Surgeon General may Írescribe, and while so assigned he shall have the title of >eputy Surgeon General.
Section 205 further provided for the appointment of six commissioned officers who would have the title of Assistant Surgeons General and who would be chiefs of various bureaus in the U. S. Public Health Service.
The introductory statement in H. R. 1364 dealing with the Public Health Service Act of July 1,1944, contains the following language:
The bill for the most part is merely a restatement of the laws relating to the Public Health Service.
It proposes to bring together, in a compact and orderly arrangement, substantially all existing law on the subject except obsolete provisions; to repeal obsolete laws; to resolve certain ambiguities in existing law; and to make a number of revisions which operating experience has shown to be necessary or desirable.[1]
The Committee Report makes no mention of Section 205 (a) in that portion .of the Report dealing with additions to and changes in the existing law. Under “Explanation of the Bill by Titles and Sections” the Report contains the following explanation of Section 205 (a) :
Subsection (a) provides for the designation by the Surgeon General of a commissioned officer from the regular corps who shall be known as the Deputy Surgeon General and whose responsibilities include administering the Office of the Surgeon General and acting as Surgeon General in the latter’s absence or disability or in the event of a vacancy in the office. The provisions of this subsection are drawn from 42 U. S.C.11b with a change in designation from “Assistant to the Surgeon General’’’’ to "Deputy Surgeon General.” [Emphasis supplied.] [2]
Section 11b of 42 U. S. C. referred to in the above quotation, was the Act of August 9, 1939 (53 Stat. 1266) quoted earlier *632 herein, and provided for the position of Assistant to the Surgeon General.
From the above, we conclude that Section 205 (a) of the Public Health Service Act of July 1, 1944, did little more than restate the prior law as expressed in the Act of August 9,1939 (53 Stat. 1266), with a change only in the title of the office held by plaintiff. Accordingly, we hold that plaintiff is entitled to include the period served by him as Assistant to the Surgeon General as well as the three years and two months served as Deputy Surgeon General, in computing the four years required by Section 211 (c) (2) of the Public Health Service Act.
In support of its second contention that regardless of the length of time plaintiff served as Deputy Surgeon General he is not entitled to have his retired pay based on the pay of any grade higher than that of Brigadier General, the defendant points out that plaintiff’s grade of Major General was only a temporary rank, and further, that he did not hold such rank by virtue of his office of Deputy Surgeon General.
As to the first part of defendant’s contention, it is true that Dr. Draper had only the temporary rank of Major General from July 1,1944, to September 17,1945, during his service with the United States Army. However, section 211 (c) (2) of the Public Health Service Act of July 1, 1944, provides that the retired pay of the Deputy Surgeon General shall be based on the pay of the highest grade held by him as Deputy Surgeon General. It does not say on the highest permanent grade held by him. But defendant says that the word “permanent” must be read into that section or else the specific language of Section 511 of the Act of October 12, 1949 (61 Stat. 802, 829), which provides that retired pay for the uniformed services shall be computed on the basis of the highest grade, whether permanent or temporary, was but an empty gesture to the extent that it granted the same benefit claimed by plaintiff for Section 211 (c) (2) of the earlier act. We do not believe that defendant’s argument in this connection is a valid one in view of the fact that the Act of October 12, 1949, known as the “Career Compensation Act of 1949,” was applicable to retired personnel of all the uni *633 formed services, including the Public Health Service, and its purpose appears to have been to bring about uniformity in retired pay of such personnel. Section 211 (c) (2) of the earlier act had to do only with the retired pay of the Surgeon General and the Deputy Surgeon General of the Public Health Service. The fact that the two acts provided the same benefits for the Deputy Surgeon General, does not mean that section 511 of the 1949 Act, which was applicable to personnel in many departments and agencies, was an “empty gesture.” Section 211 (c) (2) of the 1944 Act merely said “highest grade,” and we see no justification for reading into that section either the word “permanent” or the word “temporary.” Nor do we see any validity to defendant’s suggestion that the use of the term “highest grade” contemplated a future change in the grade of the office as effected by the Act of February 28,1948 (62 Stat. 39), passed some three and one-half years later. A study of the various statutes which have been passed by Congress dealing with ranks and grades of military personnel for retirement purposes, reveals that in general whenever Congress uses the expression “highest grade” without any qualification, Congress has intended that the phrase be understood without qualification, and that where a limitation has been intended it has been expressed. Accordingly, the highest grade ever held by plaintiff, within the meaning of Section 211 (c) (2) was that of Major General.
Defendant contends, however, that plaintiff did not, as further required by Section 211(c) (2) of the Act of July 1, 1944, hold the grade of Major General “as Deputy Surgeon General”, but rather by virtue of a provision in the Labor-Federal Security Appropriation Act of June 28, 1944 (58 Stat. 547, 560) and that such provision was not applicable to the office of the Deputy Surgeon General, but to Dr. Draper alone. The provision in question appears in that part of the Act dealing with the Public Health Service and reads as follows:
That the Assistant to the Surgeon General[3] may, for . duration of his present detail to the War Department *634 be promoted'to the grade of Major General and receive the pay and allowances of comparable grade in the Army.
Pursuant to that Act, the Senate confirmed plaintiff’s nomination to the rank of Major General on August 7,1944, effective July 1,1944. At all times during plaintiff’s detail to the-Army, he continued to hold the position of Assistant to the Surgeon General and, later, Deputy Surgeon General. The’ U. S. Public Health Service reimbursed the Army for the-amounts which the Army paid to plaintiff. The promotion: was not authorized for Dr. Draper as an officer in the Army, but for the Assistant to the Surgeon General. The fact that the promotion was a temporary one and only for the duration of that Public Health official’s tour of duty with the Army,does not affect plaintiff’s right to have his retired pay based on such temporary grade promotion. We see no alternative-to the conclusion-that plaintiff held the rank of Major General by virtue of his holding the office of Deputy Surgeon General.
Plaintiff, as we have indicated above, held the office of “Deputy Surgeon General” as described by the Act of July 1, 1944 (58 Stat. 682, 684), for a period of eight years, and the highest grade held by him as such, was Major General.. He was,' therefore, entitled to be retired with the pay and allowances of a grade corresponding to that of Major General of the Army.
We hold as a matter of law that plaintiff is entitled to recover, the amount of such recovery to be computed by the General Accounting Office in conformity with this opinion and the applicable statutes and regulations.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
In accordance with the above opinion, on a report from the General Accounting Office showing the amount due thereunder, judgment for the plaintiff was entered March 4,1952, for $3,437.50.

 U. S. Code Congressional Service, 78th Cong. 2d Sess., p. 1211.

 Id. p. 1216.

The Act of July 1, 1944 (58 Stat. 682), revising the laws relating to the-Public Health Service, abolished the title “Assistant to the Surgeon General” and substituted the title “Deputy Surgeon General."