LittletoN, Judge,
delivered the opinion of the court:
The plaintiff and defendant have each moved for summary judgment. The question presented is whether the plaintiff, a retired Navy enlisted man, who previously held the federally recognized rank of Captain in the United States Army during World War I, is entitled under § 513 of the Career Compensation Act, October 12, 1949, Title V, § 513, 63 Stat. 830, 37 U. S. C. § 313, to receive retired pay from the Navy since October 1, 1949, based upon his rank of Captain in the Army or the equivalent rank of Lieutenant in the Navy.
There is no material issue as to the essential facts in this case. It appears that plaintiff enlisted in the United States Army on May 16, 1914, and thereafter served continuously through various non-commissioned and commissioned grades until October 28, 1918, when he was promoted to the rank of Captain. Following his honorable discharge, on December 17,1918, from the Army in the rank of Captain, plaintiff, on December 27, 1918, enlisted in the United States Navy, and served continuously until March 20, 1939, attaining the rating of Chief Pharmacist’s Mate, permanent appointment. On this date he was transferred to the Fleet Reserve, Class F-4-D, in the rate of Chief Pharmacist’s Mate, and credited *345 with more than 20 years of active Naval service. On April 1, 1940, plaintiff was placed on the retired list because of physical disability, but was recalled to active duty on March 10, 1942. Plaintiff served continuously through October 20, 1945, when he was again released from active duty with the rating of Chief Pharmacist’s Mate, permanent appointment.
Plaintiff has been receiving retired pay since October 1, 1949, the effective date of the Career Compensation Act, based upon his enlisted rate of Chief Pharmacist’s Mate, permanent appointment, credited with over 20 years of active service. Plaintiff filed a claim with the Chief of Naval Personnel for the difference in the retired pay received by him as an enlisted man, and the retired pay of a Captain in the United States Army, credited with his length of service, as provided for by § 513 of the Career Compensation Act. Plaintiff obtained from the Adjutant General of the Army, acting on behalf of the Secretary of the Army, a certificate of satisfactory service showing that the highest federally recognized rank held by him while serving in the United States Army was that of Captain, Infantry, during the period from October 28, 1918, to December 13, 1918. However, plaintiff was advised by the Chief of Naval Personnel on March 14,1950, that his claim could not be recognized as the Judge Advocate General of the Navy had determined that he could not be advanced on the retired list of the Navy Department to a rank equivalent to that of Captain in the Army.
In support of his motion for summary judgment plaintiff insists that he comes within the literal and broad language of § 513 of the Act, and that this language should be construed to accomplish the twofold purpose and intent of this section, namely, to allow the advancement of an enlisted man who had been an officer in World War I to the grade of officer on the retired list and to allow the enlisted man the retired pay of the higher officer grade. However, plaintiff is primarily concerned with the second purpose of the Act, the right to receive the pay of the rank of Captain, and contends that he is entitled to receive such pay irrespective of whether the Secretary of the Navy actually promotes him on the retired *346 list to the Navy rank equivalent to that of Captain in the Army, which would be the rank of Lieutenant.
It is defendant’s position that § 513 applies only where the higher World War I rank was held in the same service which carries the enlisted man on its retired list. Defendant contends that there is nothing in the language of § 513 which would indicate that Congress intended an interchange of the grades and ranks in the armed services so as to permit a retired Navy enlisted man, such as plaintiff, to have his retired pay computed on the basis of his World War I Army rank. Defendant insists that if § 513 is construed to include a former World War I officer whose rank was held in a service other than the service from which the enlisted man was eventually retired, it would amount to a reading of the words or equivalent into the phrase “highest federally recognized officer rank or grade.” For these reasons defendant has likewise moved for summary judgment.
Section 513 of the Career Compensation Act provides as follows:
Any enlisted person or warrant officer of the uniformed services who served in World War I, heretofore or hereafter retired for any reason, shall (1) be advanced on the retired list of the service concerned to the highest federally recognized officer rank or grade satisfactorily held by such enlisted person or warrant officer under a permanent or temporary appointment for any period of service between April 6, 1917, and November 11, 1918, and (2) if not entitled to receive retired pay or disability retirement pay based on a higher officer rank or grade by some other provision of law, be entitled to receive retired pay or disability retirement pay computed on the basis of the officer rank or grade to which previously advanced on a retired list or computed on the basis of the officer grade or rank authorized by this section: Provided, That enlisted persons and warrant officers of the uniformed services, heretofore or hereafter advanced on the retired list to a higher officer rank or grade pursuant to any provision of law shall, if application therefor is made to the Secretary concerned within one year from the effective date of this section or within one year after the date of advancement on the retired list, whichever is the later, and subject to the approval of the Secretary concerned, be restored to their former retired enlisted or warrant-officer status, as the case may be, and shall *347 thereafter be deemed to be enlisted or warrant-officer personnel, as appropriate, for all purposes, including the computation of their retired pay based on such enlisted or warrant-officer rank, grade, or rating, as the case may be.
As plaintiff has pointed out, the language of this section is very broad and all-inclusive in its scope, and at the same time it seems to be clear. The requirements which must be met in order to come within this section are expressed in unambiguous terms. The only requirements are that the claimant (1) must be an enlisted person or warrant officer of the uniformed services, (2) must now be retired, and (3) must have satisfactorily held a federally recognized officer rank or grade under a permanent or temporary appointment during World War I, between April 6,1917, and November 11,1918. Once these tests are satisfied the claimant is entitled to be advanced on the retired list of the service concerned to the highest federally recognized officer rank held by him during World War I and to receive retired pay computed on the basis of such officer grade and rank.
We are of the opinion that plaintiff’s service satisfies these requirements and complies with the literal language of the statute. Plaintiff is (1) an enlisted man in the Navy, (2) is now retired, and (3) satisfactorily held the federally recognized rank of Captain in the Army during World War I, within the period from April 6, 1917, to November 11,1918. A reading of the language of § 513 gives no indication that Congress intended to impose the requirement urged by defendant that the World War I officer rank must have been held in the same service from which the enlisted man is retired. A study of the legislative history and a consideration of the general purposes of the Career Compensation Act convinces us rather that Congress intended to eliminate any such technicalities.
It is apparent from an examination of the legislative history of § 513 that no such requirement was suggested to Congress. Instead we find evidence that Congress intended the literal language of § 513 to prevail. It is stated in Senate Eept. No. 733, 81st Cong., 1st Session, repeating in substance *348 Hoúse Eeport No. 779, 81st Cong., 1st Session, in the introduction to Title V — Miscellaneous Provisions, that:
This title contains those provisions which are necessary from a technical point of view to conform present law to this proposed legislation. Most of the sections are believed to be self-explanatory and require no detailed explanation. [Emphasis supplied]
In connection with § 513 the Senate Eeport states:
This section allows advancement to officer grade on retired list and pay of higher grade by reason of World War I service.
The wording of § 513 is clear, precise, and appears to be one of the sections referred to in the Senate Eeport as being self-explanatory and requiring no detailed explanation. The Supreme Court has said that the literal terms of a statute are to be overridden only under rare and exceptional circumstances, and in order to override them, there must be something which makes plain the intent of Congress that the letter of the statute is not to prevail. Crooks v. Harrelson, 282 U. S. 55, 60; Adams Express Co. v. Kentucky, 238 U. S. 190. The meaning of the literal language of § 513, when read in its ordinary and natural sense, includes persons in plaintiff’s category and, accordingly, we see no reason why the literal language used by Congress should not prevail in plaintiff’s favor.
If defendant’s argument that § 513 applies only to enlisted persons retired from the same branch of the service within which they held their World War I commission were to prevail, the purpose of the Career Compensation Act would be circumvented. As we pointed out in the case of Warren F. Draper v. United States, 121 C. Cls. 625; one of the purposes of the Career Compensation Act was to bring about uniformity in the retirement pay of retired personnel of all the uniformed services. To deny plaintiff retired pay from the Navy based on his rank as an officer in the Army during World War I merely because they are separate branches of the military services, would be to take a step in the opposite direction from uniformity. Another purpose of the Act was to eliminate the distinctions and discriminations which existed among the various services. This purpose was high *349 lighted in the remarks of Congressman Van Zandt on the floor of the House of Eepresentatives during the discussion of this Act, 95 Cong. Bee. 7665 (1949), when he stated that:
* * * In the first place the bill has been specifically written for all the services and all the components thereof. Distinctions between Navy versus Army versus Air Force have been eliminated. Special benefits as between Regular, National Guard man, or Reserve no longer exist. From the cover sheet to the last page this is a nondiscriminatory piece of legislation. It may fairly be said that with the enactment of this bill the Congress will have, for the first time, provided complete equality of treatment for members of all the components.
To deny plaintiff the retired pay which § 513 authorizes merely because he has seen fit to serve his nation in two branches of the Armed Forces would be discrimination. The Government has received the same benefit from plaintiff’s service, first, as an Army officer, and then as a Navy enlisted man, as it receives in the ordinary situation of a man who has been both an officer and enlisted man in the same branch of the uniformed services. The overriding requirement of § 513 is service as an officer in World War I, and it was that ■service that Congress intended to reward.
That Congress intended all retired World War I officers to receive the maximum amount of compensation possible under this section or other sections of the Career Compensation Act is demonstrated by the last portion of § 513, where it is provided that an enlisted man may waive his right to pay under this provision if for any reason it would be beneficial to him to do so, presumably where he would be entitled to receive more pay under some other provision of the Act. We conclude that the fact that plaintiff chose to divide his career between two of our Armed Services should not prejudice his right to receive the maximum compensation authorized by this section.
The Government also argues that it is impossible for the Secretary of the Navy to ascertain, as required by § 513, that plaintiff satisfactorily served as an officer in the Army, and that plaintiff could not be advanced on the Navy retired list to the Army rank of Captain, but could only be advanced to *350 the Navy rank equivalent to the rank of Captain, whereas the Act did not expressly provide for advance to the “equivalent rank.” However, these arguments are superficial. The Secretary of the Navy will not be required in this case to ascertain that plaintiff’s Army service was satisfactory, as the Secretary of the Army, acting through the Adjutant General, has already issued a certificate to plaintiff establishing this fact. Furthermore, the advancement of plaintiff on the Navy retired list to the rank equivalent to Captain in the Army has become a mere clerical function under the Career Compensation Act. As we have pointed out above, the Act has done away with the distinctions previously existing between the services. Under § 201 (a) of the Career Compensation Act, 37 U. S. C. §232 (a), uniform pay grades were established for all branches of the uniformed services. Under § 201 (b) of the Act, 37 U. S. C. § 232 (b), the ranks of the various services were correlated for the purpose of determining basic pay. A Captain in the Army and a Lieutenant in the Navy were placed in the same pay grade, 0-3. Inasmuch as retirement pay is in general predicated upon the basic pay of the rank held on the retired list, the determination of plaintiff’s proper rank on the Navy retired list has become, by virtue of § 201 (a) and (b), a simple ministerial task, and the alleged necessity of reading the words “or equivalent” into § 513 is nonexistent.
We conclude that plaintiff’s motion for summary judgment should be granted, and the defendant’s motion for summary judgment should be overruled. However, the entry of judgment upon plaintiff’s continuing claim is suspended pending the filing of a computation by the General Accounting Office of the exact amount of retired pay due plaintiff since October 1, 1949, as a World War I Army Captain, credited with his total length of service in both the Army and Navy, decreased by the amount already received by him as a retired Navy enlisted man since October 1, 1949. It is so ordered.
Howell, Judge,; Madden, Judge; Whitakek, Judge; and Jones, Chief Judge, concur.
*351 In accordance with the opinion of the Court and upon a report from the General Accounting Office showing the amount due thereunder, judgment in No. 50186 was entered October 7,1952 for the plaintiff in the sum of $8,227.84.