**BUTTREY STORES, INCORPORATED**

v.

**The UNITED STATES.**

**No. 17-62.**

United States Court of Claims.
April 14, 1967.

**800**

Harry L. Altman, Minneapolis, Minn., for plaintiff; Herbert L. Grossman, Minneapolis, Minn., Gene T. Ecker, St. Paul, Minn., and Roberta K. Levy, Minneapolis, Minn., of counsel.

William C. Ballard, Jr., Washington, D. C., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant; Lyle M. Turner and Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

COWEN, Chief Judge.

Once again this court must decide whether an employer who contributes to a forfeitable nonqualified deferred compensation payment plan is entitled to tax deductions for the years when the employees actually receive payments under the plan if the employees' rights are nonforfeitable at the time of payment. Twice before we have held that Section 23(p) (1) (D) of the Internal Revenue Code of 1939 permits such deductions. Russell Mfg. Co. v. United States, 175 F.Supp. 159, 163, 146 Ct.Cl. 833, 841 (1959); Mississippi River Fuel Corp. v. United States, 314 F.2d 953, 957–958, 161 Ct.Cl. 237, 243 (1963). The question in this case is whether Section 404 (a) (5) of the Internal Revenue Code of 1954 requires a similar result.[1]

---

1. Sec. 404. (a) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income); but, if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year:

\* \* \* \* \* \*

(5) OTHER PLANS.—In the taxable year when paid, if the plan is not one included in paragraph (1), (2), or (3), if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid.

Plaintiff adopted in 1938 a deferred compensation plan for certain key employees. Under this plan, a trust was established consisting of insurance policies in an amount of $154,950 on the life of the president and founder of the corporation. The trust instrument stated that plaintiff's earnings and profits were to be used to pay the annual premiums on these insurance policies; if any employee-beneficiary were to terminate his employment, either voluntarily or involuntarily, the trust documents provided that such beneficiary would lose his interest in the trust proceeds. Because of this forfeitability provision and because the trust beneficiaries were a small group of plaintiff's highest paid executives, the plan did not qualify under Section 165 of the Revenue Act of 1942, 56 Stat. 798, 862, or under the present Section 404 of the 1954 Code. Accordingly, plaintiff received no deductions for the years it contributed to this plan.

In 1954, the principal amount of the life insurance policies was increased to $454,950. The trust was then amended in 1959 to make the beneficiaries' interests nonforfeitable. In the following year, the trust transferred the insurance policies to plaintiff's president in exchange for capital stock with a fair market value of approximately $131,000, a value equal to the then cash surrender value of the life insurance policies. Beginning with the fiscal year ending in 1961 and continuing through 1964, the trustees distributed some $170,000 worth of the stock and cash to the beneficiaries pursuant to the deferred compensation plan.[2] Such payments are the subject of this litigation.

The defendant relies on Treas.Reg. 1.404(a)–12 which construes Section 404(a) (5) of the 1954 Code to deny an employer any deductions for contributions to deferred compensation plans where the employees' rights are forfeitable, even if at the time the employees receive the compensation their rights to the funds have become nonforfeitable.[3] Defendant contends that since the employees' rights were forfeitable at the time the employer contributed to the fund, the deduction is not allowable despite the fact that the employees' rights were not forfeitable when the trustee made the payments to them.

Section 404(a) (5) and Treas.Reg. 1.404(a)–12 are substantially identical to section 23(p) (1) (D) and Treas.Reg. 111, § 29.23(p)–11, as amended, T.D. 5666, 1948–2 Cum.Bull. 46, of the 1939 Code. In the *Russell* case, supra, arising subsequent to the enactment of the 1954 Code but involving the 1939 Code, we invalidated this regulation as being contrary to the "plain wording of the statute and the statute's legislative history." Id. 175 F.Supp. at 162, 146 Ct.Cl. at 839. Rejecting the view that Congress meant to penalize employers who contributed to nonqualified deferred compensation plans, i. e., plans where employees' rights are forfeitable, by denying them any deductions for contributions, the court held that an employer was entitled to a deduction for the year in which an employee received a payment under the plan if at that time the employee's rights to the compensation had become nonforfeitable. Although the Treasury refused to acquiesce to this decision (see Rev.Rul. 59–383, 1959–2 Cum.Bull. 456), this court when faced with the identical question in the *Mississippi River Fuel* case, supra, specifically refused to overrule *Russell*. "It is not

---

2. Appreciation in the value of the stock was responsible for the $40,000 difference between the value of the stock received in 1960 by the trustees in exchange for the insurance policies and the total amount distributed to the employees from 1961 through 1964.

3. [Treas.Reg. 1.404(a)–12] " * * * If payments are made under such a plan and the amounts are not deductible under the other paragraphs of section 404(a), they are deductible under paragraph (5) of such subsection to the extent that the rights of individual employees to, or derived from, such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid. * * * "

only in accord with the wording of the law, but produces a just and nondiscriminatory result." Mississippi River Fuel Corp. v. United States, supra, 314 F.2d at 955, 161 Ct.Cl. at 242.

Given the identical wording of section 404(a) (5) with section 23(p) (1) (D), it would seem that the validity of Treas.Reg. 1.404(a)–12 and plaintiff's asserted right to deductions in the years when distributions were made involve only the question of whether *Russell* and *Mississippi River Fuel* were correctly decided. Defendant, however, contends that these cases are distinguishable because the 1954 Code—the identical language to the 1939 Code notwithstanding—requires a different result. The Government bases its contention on the theory that the legislative history prior to the enactment of section 404(a) (5) demonstrates that Treas.Reg. 1.404(a)–12 correctly expresses Congress' intent —in short, that it was in fact the will of Congress in 1954 to penalize employers who contributed to nonqualified plans by denying them a deduction for their payments.

The nub of defendant's argument is the proposed Section 403(a) (5) of H. R. 8300 as passed by the House of Representatives in 1954. Perhaps in response to a statement by the American Institute of Accountants pointing out the harsh effect of Treas.Reg. 111, § 29.23(p)–11, supra, under the 1939 Code (see Hearings Before the House Committee on Ways and Means Pertaining to General Revision of the Internal Revenue Code, 83rd Cong., 1st Sess. 463–65 (1953)), the subsection of the bill approved by the House provided that an employer could deduct contributions to nonqualified deferred compensation plans in the year in which the contribution was actually distributed or made available to the distributees, even if at that time the employees' rights were still forfeitable.[4] In effect, that proposal would not only

have reversed Treas.Reg. § 29.23(p)–11 but it would have gone beyond decisions subsequently rendered by this court under the 1939 Code in the *Russell* and *Mississippi River Fuel* cases.

When this proposed version of the new Revenue Code reached the Senate, the inequity of Treas.Reg. 111, § 29.23 (p)–11 and the effect of the proposed section 403(a) (5) was brought to the attention of the Senate Finance Committee. See Hearings Before the Senate Committee on Finance on H.R. 8300, 83rd Cong., 2d Sess. 2091–95(1954). For undisclosed reasons, however, the version of the new Revenue Code reported out of the Senate Finance Committee omitted the proposed section 403 (a) (5) of the House bill; rather, with respect to nonqualified deferred compensation plans, it simply restated the provisions of the 1939 Code. S.Rep. No. 1622, 83rd Cong., 2d Sess. 53–54 (1954). The Finance Committee's recommendations regarding deferred compensation plans relevant here were adopted by the Senate and accepted at the Joint Conference. As a result, the 1954 Code reenacted those sections of the 1939 Code dealing with deductions for contributions to nonqualified plans. See H.R.Rep. No. 2543, 83rd Cong., 2d Sess. 41(1954).

On the basis of the deletion of the proposed section 403(a) (5) from the final enactment of the 1954 Code, the defendant maintains that it was Congress' intent that the view expressed in Treas.Reg. 111, § 29.23(p)–11 and carried forth in Treas.Reg. 1.404(a)– 12 was correct, and that an employer should be forever denied a deduction for contributions to nonqualified plans. We reject such a contention. Since there is no expression of the legislative intent to support defendant's position, we may assume that various factors influenced the Senate and the Congress in their failure to adopt the subsection of the

---

4. Proposed section 403(a) (5) would have granted an employer a deduction for contributions to forfeitable nonqualified deferred compensation plans "in the taxable year when the amount is actually distributed or made available to the distributee. * * * " H.R. 8300, 83rd Cong., 2d Sess. § 403(a) (5) (1954).

bill that passed the House. We think such an assumption is particularly valid with respect to a long and complicated—and important—piece of legislation such as a general revision of the Internal Revenue Code. To attempt to divine, therefore, just what meaning the omission of the subsection of the bill has is to engage in a fruitless task. Cf., Russell Mfg. Co. v. United States, supra, 175 F.Supp. at 163, 146 Ct.Cl. at 840. If any conclusion is to be drawn from the failure to enact, it is that Congress intended that the law, as it existed under the 1939 Code with respect to nonqualified deferred compensation plans, should be continued under the 1954 Code. And as this court held in the *Russell* and *Mississippi River Fuel* cases, the 1939 Code allowed an employer a deduction in the year when the employees received a distribution if at that time their rights were nonforfeitable.

This legislative history, then, contains nothing to require that section 404(a) (5) be interpreted any differently from its 1939 counterpart. The only question that remains is whether the *Russell* and *Mississippi River Fuel* cases correctly construe the law. We believe that they do. Our belief is fortified not only by the fact that the defendant has not offered us any convincing argument to the contrary but by the fact that the only circuit judge who has dealt with this question [5] as well as the great majority of commentators [6] have agreed with our conclusion.[7] Cf., Mississippi River Fuel Corp. v. United States, supra, 314 F.2d at 958, 161 Ct.Cl. at 246–247 (concurring opinion). We hold, therefore, that

Treas.Reg. 1.404(a)–12 which denies a deduction to plaintiff is contrary to the language and spirit of section 404(a) (5) and therefore is invalid.

The parties also dispute the amount properly allowable as a deduction. Plaintiff seeks to deduct $170,000, the total amount ultimately distributed under the plan rather than the $130,000 it contributed to the trust.[8] Such a deduction is not permissible. The particular language of section 404(a) (5) permitting a deduction ("In the taxable year when paid * * * if the employees' rights to or derived from * * such compensation are nonforfeitable at the time the * * * compensation is paid.") refers to the general rule enunciated in section 404(a). That section speaks of the amount the employer contributes to the plan, not the amount distributed under the plan. Thus, section 404(a) (5) must be construed as granting an employer a deduction only for the amount of his contributions in the years when these contributions are distributed to the employees; any appreciation accruing to the employer's contributions and distributed to the employees is not deductible by the employer. Likewise, an employer is entitled to deductions only in those years in which money or property is actually paid to the employees under the plan. Plaintiff has no right to a deduction in 1959, the year when the plan was amended to make the employee's rights nonforfeitable, because no payments were made to the employees in that year. Cf., Russell Mfg. Co. v. United States, supra, 175 F.Supp. at 162, 146 Ct.Cl. at 838.

---

5. United States v. Russell Mfg. Co., 349 F.2d 13, 19 (2d Cir. 1965) (Lumbard, C. J., concurring).

6. See Bergen, Nonqualified Plans For Executives, in Taxation of Deferred Employees and Executive Compensation 1, 5 (Sellin ed. 1960); 4A Mertens, Law of Federal Taxation, § 25B.42; Panel—Executive Compensation: Deferring Compensation (Excluding Stock Options and Qualified Pension Plans), N.Y.U. 20th

Inst. on Fed.Tax 391, 405 (1962); Neal, Deferred Compensation Plans: Qualifying for Non-Qualified Treatment, 13 Vand.L.Rev. 461, 467 (1960), 45 Va.L. Rev. 1249, 1251 (1959). But see 28 Geo. Wash.L.Rev. 803, 808 (1960); 58 Mich.L. Rev. 799, 802 (1960).

7. See also United States v. Russell Mfg. Co., 245 F.Supp. 159, 160 (D.Conn.1964).

8. See note 2 supra.

Plaintiff's motion for summary judgment on the petition is granted, and defendant's cross motion is denied. The amount of plaintiff's recovery will be determined under Rule 47(c).