ColliNS, Judge,
delivered the opinion of the conrt:
Plaintiff is a former member of the United States Coast Guard who was retired from that service on February 1, 1950. At that time, he was accorded retirement pay based upon his highest attained Coast Guard rank. He now claims entitlement to increased retirement pay based upon a higher rank held during an earlier period of service with the United States Navy.[1] The 'applicable statute, 14 U.S.C. § 362,[2] sets forth the general proposition that the retirement pay of regular enlisted Coast Guard personnel shall be on the basis of the highest held grade or rating while on active duty. The question presented is whether the statute permits the computation of retirement pay on the basis of a higher rating held in a service other than that from which retired. We conclude that it does.
In Satterwhite v. United States, 123 Ct. Cl. 342 (1952), this court held that the plaintiff — a retired Navy enlisted man who previously had satisfactorily held the federally recognized rank of captain in the Army during World War I — was entitled, under section 513 of the Career Compensation Act of 1949,[3] to have his retirement computed on the basis of his higher Army rank. Though we are concerned in this case with a different statute, the Government argues its position in terms not unlike those it presented in Satter-wMte, sufra.
Thus, we are told that the controlling statute (i.e., section 362) is premised upon a “same service” requirement, a phrase which means — when translated into a more common idiom— that the grade at which retired must be one held in the service from which retired. It is this rationale which has been relied upon in the present case to deny plaintiff retirement pay based upon his former Navy rating of chief boatswain’s mate. Also repeated here is the assertion that the Secretary *875 (of tlie retiring service) is without authority to ascertain whether the earlier service, performed in a different military branch, meets the statutory requisite of “satisfactory service.”
Section 362 of title 14, the statute under which the present plaintiff claims relief, states:
§362. Retirement in cases where higher grade or rating has been held.
Any enlisted man who is retired under any provision of section 353, 354, 355, or 357 of this chapter shall be retired from active service with highest grade or rating held by him while on active duty in which, as determined by the Secretary, his performance of duty was satisfactory, but not lower than his permanent grade or rating, with retired pay of the grade or rating with which retired. * * *
The directive of the statute is clear and, barring legislative intent to the contrary, its plain and obvious meaning should prevail. The statute prescribes retirement at the highest held active duty grade or rating; it makes no demand that such “highest” rating have been earned exclusively in the service from which retired. In arguing to the contrary, the Government contends that it is a reasonable conclusion to assume that section 362 rests upon a “same service” requirement because its legislative antecedent — the Navy Temporary Promotion Act[4] — supposedly incorporated such a requirement. From the Government’s point of view, the phrase “highest grade or rating” refers solely to a higher grade previously held in the same service under a temporary appointment.
As its name implies, one of the purposes of the Navy Temporary Promotion Act was to authorize the Secretary of the Navy[5] to make temporary personnel promotions. Congress also directed that such appointments, though temporary, were to be used as a basis for computing retirement pay so long as the service rendered thereunder was deemed satisfactory. In such a case, where retirement was predicated upon a prior temporary appointment, the act could be said to *876 incorporate — as defendant contends — a “same service” requirement. However, tire computation of retirement under the act was not limited exclusively to a rank gained by virtue of a temporary promotion. Eather, it specified that retirement should be based upon the highest held rank, and this would be the equivalent of a temporary rank only if the retiring member was not otherwise entitled to the same or higher grade and rank or retired pay. This is made clear by section 10'(b) of the act which, as amended, stated:[6]
(2) Personnel of the active list of the Eegular Navy and Marine Corps [and Coast Guard] and personnel of the Fleet Eeserve and Fleet Marine Corps Eeserve appointed or advanced under the authority of this Act shall, when subsequently retired, if not otherwise entitled to the same or higher grade and rank or retired f ay, be advanced to the highest grade and rank in which, as determined by the Secretary of the Navy, they served satisfactorily under temporary appointments, and shall receive retired pay computed at the rate prescribed by law and applicable in each individual case but based upon such higher rank. [Emphasis supplied.]
The foregoing provision, in acknowledging the possibility of a retirement grade exceeding that which might otherwise be allowed through a temporary appointment, clearly expands the concept of “highest grade or rating” beyond the narrower limits which defendant would assign to it. The highest rating might be one based upon a temporary appointment, but it clearly need not be.
If, as defendant suggests, we should seek to divine the meaning of section 362 and; its use of the phrase “highest grade or rating held * * * while on active duty” by referring to the Navy Temporary Promotion Act, then it must be conceded that the phrase comprehends more than a previously held temporary rank. Moreover, since neither section 362 nor the Navy Temporary Promotion Act sets out any limitation with respect to the branch of service in which the higher grade must have been held, it would not seem unreasonable to take the position that Congress intended retirement benefits to be based upon the highest held military rank, even though such rank may not have been held in the service from which retired. Such a construction would comport with *877 tbe literal prescription of the statute, would transgress no manifested congressional intent, and would grant to plaintiff (and those similarly situated) a measure of retirement pay that acknowledges, rather than ignores, the higher rank earned during earlier service.
Our conclusion in this regard is not undermined by the fact that Congress has declined, on several occasions, to amend title 14 so as to permit retirement based upon the highest grade held in any service. Such congressional inaction — when viewed against a background lacking in any administrative or judicial construction of section 362 — cannot support an inference that the statute, as presently drawn, would not permit retirement based upon the highest rank attained in any service.[7] The absence of positive legislative response to the suggested amendment could be attributed as readily to a view that the statute already sanctioned retirement from any service as it could to the view that the statute speaks only to a “same service” requirement. In the face of such contrasting alternatives, the safest choice is to assume that the statute means precisely what it says. We should not attempt to assess the meaning of a statute by guessing at what a later Congress guessed an earlier Congress might have meant. Cf. Buttrey Stores, Inc. v. United States, 179 Ct. Cl. 568, 573, 375 F. 2d 799, 802 (1967).
Nor do we consider our construction of the statute as imposing upon the Secretary of the Treasury a requirement that he is not authorized to meet. Certainly it is within his power to determine whether the character of the service performed *878 in another branch meets the statute’s demand oí “satisfactory” duty. He need do no more than address an inquiry to the Secretary of the service concerned.[8] This could hardly be considered as beyond his delegated function, particularly in light of the fact that section 467 of title 14 already imposes upon him an obligation to consider, when “computing length of service * * * for any purpose all creditable service” irrespective of the branch in which such service occurred.[9] (Emphasis added.) One cannot logically grant the Secretary power to ascertain the creditability of “other” service for longevity purposes and, at the same time, deny him the power to do so for retirement purposes. There exists no want of authority; the argument to the contrary is groundless.
Based upon the foregoing considerations, we conclude that plaintiff is entitled to have his retirement computed on the basis of the chief boatswain’s mate rating that he had earned during his 15 years of active and honorable duty with the United States Navy. Under the continuing-claim doctrine adhered to in this court, see Friedman v. United States, 159 Ct. Cl. 1, 6, 310 F. 2d 381, 384 (1962), cert. denied, 373 U.S. 932 (1963), plaintiff’s monetary recovery must be limited to the 6-year period immediately preceding the commencement of the present suit, i.e., Uecember 23,1964.
Plaintiff’s motion for summary judgment is granted, and defendant’s cross-motion for judgment on the pleadings is denied. Judgment is entered for plaintiff with the amount of recovery to be determined pursuant to Eule 47 (c) (2).
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on September 29,1967, that judgment for the plaintiff be entered for $6,601.33.

 Plaintiff’s military career spans a period of more than 32 years of honorable service. From December 19, 1907, through February 24, 1919, he served on active duty with the United States Navy, and from September 1, 1928, through February 1, 1950, he saw active service with the United States Coast Guard. His highest attained active duty naval rating was that of chief boatswain’s mate; his highest attained active duty Coast Guard rating was that of boatswain’s mate, second class.

 All references to § 362 herein are to 14 U.S.C. § 362 which was enacted into positive law by the Act of August 4, 1949, ch. 393, 63 Stat. 495, 522.

 Chapter 681, § 513, 63 Stat. 830 (1949).

 Chapter 320, §10, 55 Stat. 605 (1941), amended by cb. 34, § 8(a), 60 Stat. 28 (1946). The act was made applicable to the Coast Guard by Its own terms (§ll(b), 55 Stat. 605).

 Similar authority was extended to the Secretary of the Treasury to be exercised with respect to the Coast Guard at such times as the Coast Guard should be operating under the Treasury Department.

Chapter 34, § 8(a), 60 Stat. 28 (1946).

We are urged to consider Congress’ failure to supply “corrective” legislation against the background of statutory construction supplied by tbe Comptroller General’s opinions. These referenced administrative decisions — 42 Comp. Gen. 244 (1962) ; 33 Comp. Gen. 10 (1953) ; 32 Comp. Gen. 425 (1953) ; 29 Comp. Gen. 437 (1950) — are uniform in their espousal of the rule that benefits under § 511 of the Career Compensation Act of 1949 are to be measured in keeping with the “same service” requirement.
Because Congress, through its inaction, has supposedly acquiesced in the administrative treatment given § 511, it is argued that a like inference may follow here because § 362 is a “similar” statute which evolved from the same source, i.e., the Navy Temporary Promotion Act, supra.
Without passing judgment upon the correctness of the Comptroller General’s views respecting § 511, it is sufficient for our purposes to note that § 362 does not cover the same subject matter as does § 511. Moreover, the concept of congressional acquiescence, while perhaps appropriate in other circumstances, could hardly be relied upon here. In the absence of any administrative construction of § 362, there is no basis for arguing legislative acquiescence.

 In this ease, such inquiry would not be necessary since the record already contains an acknowledgment by the Navy that plaintiff’s naval service was honorable and meritorious.

 14 U.S.C. § 467 reads, in full, as follows :
“§ 467. Computation of length of service.
“In computing length of service of officers and enlisted personnel for any purpose all creditable service in the Army, Navy, Marine Corps, Air Force, Coast Guard, Revenue Cutter Service, and Life Saving Service shall be included in addition to any other creditable service authorized by any other law. * * *”