Nott, J.,
delivered the opinion of the court:
The amount involved in this case is trivial, and the court is informed by counsel that no other case exists like it. Nevertheless, the court is reluctant to pass definitely upon the *156 principal question involved; and it must be understood tbat if other cases of a like nature may hereafter be brought before the court the point now determined will not be deemed stare decisis.
In the first case of Ramsay (14 C. Cls. R., p. 367) this court held that an action would not lie for an informer’s share or moiety until an award had been made by the Secretary of the Treasury; that the matter was entirely within his jurisdiction, and that his award determining the three essential facts that the claimant had given the information, that his information was the information upon which the Treasury officials acted, and the share in the recovery which he should receive for his information was the only cause of action which could be maintained in a suit at law. In the second Ramsay Case (21 id., 443) the court held that a decision of the Secretary of the Treasury stating the requisite facts, though refusing payment for another reason, was an award; and that an action would lie if the informer’s services had been rendered prior to the Act 6th, June, 1872 (17 Stat. L., p. 256, sec. 9), though the amount recovered was not paid into the Treasury until after the repeal of the Act 13th July, 1866 (14 Stat. L., p. 145). The judgment was affirmed by equal division of the Supreme Court. In Bailees Case (23 C. Cls. R., p. 502) a similar judgment was rendered which was'again affirmed by an equal division of the Supreme Court, although the judges were not the same as before. In the case of Connor, a similar judgment was for the third time rendered by this court (without opinion), which was reversed by the Supreme Court (138 U. S. R., 161).
By that decision of the Supreme Court it was determined, generally, “that any rights which an informer might have had to share in a fine, penalty, or forfeiture under the provisions of the act of July 13, 1866, was taken away by the act of June 6,1872, unless the amount of the fine, penalty, or forfeiture toas fixed and settled by judgment or compromise, and by payment, before the passage of the latter actP It was also held in that particular case that the claim of the party had been adjudicated by a previous award of the Treasury than that sued upon, and was barred by the statute of limitations.
In the present case, the compromise was effected and the money paid into the Treasury before the act of 1866 was repealed; that is to say, before the act of 1872 was passed. The *157 case, therefore, seems to come within the exception indicated by the Supreme Court.
This court has no doubt that it was the intention of Secretary Fairchild to do on the loth February, 1887, what Secretary Manning had previously done on the 6th November, 1885, i. e., to determine every fact which it was within the jurisdiction of the Treasury to determine concerning this informer’s claim, and remit the question of law involved for the decision of this court. The only difference between the two decisions is that Secretary Manning said, “The informer’s share of that amount would have been $1,700,” while Secretary Fairchild said nothing. But in the former case it was necessary that the Secretary should specifically determine the amount of the informer’s share, for the amount recovered had exceeded $500.. In the latter case it was not necessary that the Secretary should state the amount of the informer’s share specifically, for the amount recovered did not exceed $500, and a general regulation of the Secretary then prescribed an informer’s share in such cases to be a moiety of the amount. That which was already certain could not be made more certain by the Secretary reiterating it in his decision. When he tvrote into it “that Charles M. Horton, of Boston, Mass., gave the information upon which a penalty of $75 was recovered by compromise from one John M. Isham,” he in effect wrote that if the claimant was entitled to anything he was entitled to $37.50.
The point has been raised by the defendants that the case against Isham Avas not finally settled by the Treasury until the 3d September, 1881, when the Secretary approved the payment of $75 made by Isham in June, 1871. It seems clear to the court, however, that if the money was paid into the Treasury prior to the repealing act of 1872, and the compromise then effected received the approval of the Secretary of the Treasury, the time of his formal action is immaterial.
The point is also made that the case is barred by the statute of limitations because the money was paid in and the compromise approved more than six years before the bringing of the action. But it again seems clear to the court that if the claimant has any cause of action it is founded upon and consists exclusively of the award of the Secretary of the Treasury, made in 1887.
The judgment of the court is that the claimant recover $37.50.