**Nicholas A. GARCIA, Jr.**

v.

**The UNITED STATES.**

**No. 214–78.**

United States Court of Claims.

Decided March 19, 1980.

Donald F. Mintmire, Louisville, Ky., atty. of record, for plaintiff. Barnett, Alagia & Carey, Louisville, Ky., of counsel.

Ransey Guy Cole, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniels, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, COWEN, Senior Judge, and KUNZIG, Judge.

OPINION

COWEN, Senior Judge:

Plaintiff, Nicholas A. Garcia, Jr., filed suit in this court on May 12, 1978, seeking military retirement pay under 10 U.S.C. § 1331 [1] for the period from October 6, 1967,

---

1. 10 U.S.C. § 1331 provides in pertinent part as follows: "§ 1331. Age and service requirements

"(a) Except as provided in subsection (c), a person is entitled, upon application, to retired pay computed under section 1401 of this title, if—

"(1) he is at least 60 years of age;

"(2) he has performed at least 20 years of service computed under section 1332 of this title;

"(3) he performed the last eight years of qualifying service while a member of any category named in section 1332(a)(1) of this title, but not while a member of a regular component, the Fleet Reserve, or the Fleet Marine Corps Reserve; and

to October 18, 1970. Defendant concedes that plaintiff satisfies all the age and service requirements of the statute, but contends that plaintiff's claim is barred by this court's 6-year statute of limitations. The question of limitations is thus the sole issue presented by the parties' cross-motions for summary judgment. For the reasons set out below, we find that plaintiff's petition is not barred by limitations and that plaintiff is entitled to recover retirement pay for the contested period.

The facts relevant to plaintiff's claim have been stipulated by the parties. Plaintiff served in the United States Army Reserve until on or about August 1, 1948, when he retired with the rank of Lieutenant Colonel. Plaintiff celebrated his 60th birthday on October 6, 1967, and on May 8, 1974, he filed with the United States Army an application for retired pay, pursuant to 10 U.S.C. § 1331. By letter of August 2, 1974, his application was returned by the Department of the Army with the statement that a review of his military records reflected 19 years, 11 months and 14 days satisfactory service at the time he was discharged from the United States Army Reserve, whereas 10 U.S.C. § 1331 requires a minimum of 20 years of qualifying service. He was advised in that letter that if he believed the statement of his service was incorrect, he should furnish documentary proof to support his claim, and that he could appeal his case to the Army Board for the Correction of Military Records, which is empowered to determine the existence of an error or injustice.

On September 12, 1974, plaintiff filed an application for correction of his military records to show 20 years of qualified service and eligibility to receive retired pay benefits. Plaintiff was informed by letter of October 5, 1976, from the Chief of the Support Division, Retired Activities Directorate, Department of the Army, that his records had been further reviewed and that it had been determined that at the time of his discharge on August 20, 1948, he was credited with 20 years of qualifying service and was eligible to receive retired pay benefits. The letter also stated that since his claim fell within the purview of the 6-year statute of limitations, his application for retired pay benefits had been referred to the General Accounting Office (GAO). On October 13, 1976, the Executive Secretary for the Board for the Correction of Military Records wrote plaintiff that his records had been administratively corrected to show he had over 20 years of creditable service as of August 20, 1948, making him eligible to receive retired pay benefits. As stated, plaintiff's claim for retired pay was referred to the GAO for certification and was received by that office on October 18, 1976. As a result of a certification by GAO, plaintiff received retired pay for the 6-year period prior to the date GAO received the claim—from October 18, 1970 to October 18, 1976. Citing its 6-year statute of limitations,[2] however, GAO refused to pay plain-

"(4) he is not entitled, under any other provision of law, to retired pay from an armed force or retainer pay as a member of the Fleet Reserve or the Fleet Marine Corps Reserve.

"(b) Application for retired pay under this section must be made to the Secretary of the military department, or the Secretary of the Treasury, as the case may be, having jurisdiction at the time of application over the armed force in which the applicant is serving or last served.

\*    \*    \*    \*    \*    \*

"(d) The Secretary concerned shall provide for notifying each person who has completed the years of service required for eligibility for retired pay under this chapter. The notice must be sent, in writing, to the person concerned within one year after he has completed that service.

"(e) Notwithstanding section 8301 of title 5, United States Code, the date of entitlement to retired pay under this section shall be the date on which the requirements of subsection (a) have been completed."

2. 31 U.S.C. § 71a sets forth the limitations period on claims against the United States cognizable by the General Accounting Office. At the time plaintiff filed his application for retired pay with the Army, the limitations period was 10 years. On January 2, 1975, Congress amended the statute to reduce the limitations period to 6 years. Pub.L. 93–604, § 801, 88 Stat. 1965. The reduced limitations period became effective on July 2, 1975, *id.*, and thus barred plaintiff's claim which was not received by GAO until October 18, 1976.

tiff for the period from October 6, 1967, the date on which he had satisfied the age and service requirements of section 1331, to October 18, 1970, 6 years before the date on which GAO received his claim. This suit followed.

While GAO refused to pay plaintiff's claim on the basis of the provisions of 31 U.S.C. § 71a, the statute asserted as a bar to the claim here is, of course, 28 U.S.C. § 2501. This latter statute provides that:

> Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

As is typical of limitations problems, the crucial question here is when did the plaintiff's claim first accrue for purposes of this statute. We have stated in the past that

> A claim against the United States first accrues on the date when all of the events have occurred which fix the liability of the Government and entitle the claimant to institute an action. * * * [*Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217, 225 (1964)].[3]

Defendant contends that plaintiff could have filed suit as soon as he satisfied the age and service requirements of 10 U.S.C. § 1331 and failed to receive retirement pay. Defendant argues that these requirements were satisfied by plaintiff on October 6, 1967, plaintiff's 60th birthday, and that under 5 U.S.C. § 8301,[4] plaintiff was entitled to the receipt of retired pay in the month following, i. e., November 1967. Defendant concludes that plaintiff could have first brought suit in November of 1967; that his is a continuing claim, and that his right to recover the installments of retired pay to which he would have been entitled during the period covered by this action is foreclosed by the 6-year statute of limitations.

Plaintiff contends that his cause of action did not accrue until August 2, 1974, the date on which the Army first denied his application for retirement pay. Plaintiff points out that 10 U.S.C. § 1331 specifically requires a person to make application for retired pay. Therefore, plaintiff reasons that until such an application had been made and rejected, all the events necessary to fix the Government's liability had not occurred.

Alternatively, plaintiff claims that he had no right to file suit in this court until the Secretary of the Army acted as required by 10 U.S.C. § 1331, and therefore, that his cause of action did not accrue until October 5, 1976, when he was informed that as a result of a further review of his records, it had been determined that at the time of his discharge, he had 20 years of qualifying service and that he was eligible to receive retired pay benefits.

I.

The defendant correctly argues that we have held in a number of actions by military personnel to recover retired pay, that when the claim is dependent only upon the military record of the retiree, independent of the action of any board or agency, his claim accrued when he satisfied the age and service requirements of the statute; that it is a continuing claim, and that any installments of retired pay which would have been due him 6 years before his petition is filed, are barred by the statute of limitations. *See e. g., Gordon v. United States*, 134 Ct.Cl. 840, 140 F.Supp. 263 (1956). However, since this is an action brought by a reservist, we think a different rule applies because of the enactment of Pub.L. 89–652, 89th Cong., 2d Sess., 80 Stat. 902. That Act added subsection (d) of section 1331 and also amended chapter 71 of title 10 U.S.C.

---

3. While *Oceanic S.S. Co.* was a contract case, the same standard is applicable when the Government's liability arises from a statute as it does here. *Kirby v. United States*, 201 Ct.Cl. 527, 533 (1973), *cert. denied* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Sauer v. United States*, 173 Ct.Cl. 642, 647, 354 F.2d 302, 304 (1965).

4. Prior to the Act of August 13, 1968, Pub.L. 90–485 § 2, 82 Stat. 751, codified at 10 U.S.C. § 1331(e), the effective date of retirement under 10 U.S.C. § 1331 was governed by 5 U.S.C. § 8301. *See Cooper v. United States*, 203 Ct.Cl. 300 (1973).

by adding a new section 1406 at the end thereof.[5]

As indicated *supra* at n. 1, subsection (d) of section 1331, makes it mandatory for the secretary concerned to make provision for notifying each person who has completed the years of service required for eligibility for retired pay. Section 1406 provides that when a person receives notice under section 1331(d) that he has completed the years of service required for eligibility for retired pay, his eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation or administrative determination of years of service performed as required by section 1331(a), unless the error is caused by his fraud or misrepresentation. The statute, as enacted, also provides that the notification that a person has completed the years of service required for retired pay under chapter 67 of title 10 [including section 1331] is conclusive as to the person's subsequent entitlement to such pay. Consequently, we think that plaintiff's cause of action accrued and that he became eligible for retired pay on October 5, 1976, when he was notified that he was eligible to receive retired pay benefits because of the agency determination that at the time of his discharge on August 20, 1948, he was credited with 20 years of qualifying service. We think this result is compelled by the legislative history of Pub.L. 89–652. Senate Rep. No. 1693, which accompanied the bill that became Pub.L. 89–652, is reprinted in 1966 *U.S.Code Cong. and Admin.News*, p. 3268, and provides in pertinent part as follows:

## EXPLANATION

Public Law 810 of the 80th Congress established a system of retirement with pay for officers and enlisted members of the Reserve components of the Armed Forces. Those reservists who completed a total of 20 years of satisfactory Federal service are entitled to retired pay upon their application at age 60.

The point system of crediting Reserve activity in one of several different ways has made it difficult for reservists and the services to avoid errors in determining when 20 years of satisfactory Federal service have been completed. There have been several troublesome cases where reservists have received erroneous information that they had completed the required years of service or where the reservist has miscomputed these years himself. In these cases the reservists have ceased participation in the Reserve program but upon their application for retired pay at age 60 the error has been discovered. Because of age or other reasons it often is impractical for the reservists then to renew their Reserve participation to acquire the necessary service. Consequently they are ineligible for retired pay.

Under this bill the service Secretary would be required to notify in writing each reservist who has completed 20 years of satisfactory Federal service. This notification must be made within 1 year after the reservist has completed the required service. Once the retirement pay had started or the Secretary had notified the person he had completed the required service, eligibility for retired pay could not be denied or revoked because of error unless the error resulted from the fraud or misrepresentation by the person concerned. If an error not resulting from

---

5. "§ 1406. Limitations on revocation of retired pay

"After a person has been granted retired pay under chapter 67 of this title, or has been notified in accordance with section 1331(d) of this title that he has completed the years of service required for eligibility for retired pay under chapter 67 of this title, the person's eligibility for retired pay may not be denied or revoked on the basis of any error, miscalculation, misinformation, or administrative determination of years of service performed as re-

quired by section 1331(a)(2) of this title, unless it resulted directly from the fraud or misrepresentation of the person. The number of years of creditable service upon which retired pay is computed may be adjusted to correct any error, miscalculation, misinformation, or administrative determination and when such a correction is made the person is entitled to retired pay in accordance with the number of years of creditable service, as corrected, from the date he is granted retired pay."

fraud were discovered later the number of years of creditable service could be adjusted to correct the error but payments of retired pay on the basis of service actually performed would continue.

Included in the Senate Report was a letter from the Department of the Navy dated June 6, 1966, showing that the Department of Defense was in favor of enactment of the bill. The letter stated in part:

\* \* \* \* \* \*

Twenty years of satisfactory service has come to be recognized as a significant milestone in the career of a reservist. The computation of this service requirement is based upon a somewhat complicated formula set out in section 1332 of title 10, in which points awarded for various types of Reserve service are converted to years of service.

This complicated method of computation usually leaves the reservist in serious doubt as to whether he has in fact passed the 20-year milestone. The services, by a variety of administrative procedures, have attempted to keep the reservist informed of his progress and his completion of the years of service required. In some cases, however, reservists have received erroneous information or have miscomputed their years of service and in reliance thereon have reduced their Reserve participation only to find upon reaching retirement age that they have not in fact met the 20 years of service requirement. When the errors are not discovered until at or near retirement age the reservists no longer have time to renew their participation and acquire the necessary additional service.

The situation has resulted in an appeal from the Reserve community for a system whereby each reservist would be notified that he has completed his 20 years of satisfactory service and assurance that this notification would be reliable. The services have been unable fully to grant this request because, without legislation,

the administrative determination that a reservist has completed his 20 years of satisfactory service cannot be final and conclusive.

\* \* \* \* \* \*

## II.

The Department of Defense determination, which was sent to plaintiff on October 5, 1976, was the fulfillment of a condition precedent to the accrual of his cause of action. It is an integral part of his cause of action because the determination that the reservist has completed the years of service which make him eligible for retired pay is a statutory requirement imposed upon the agency by Pub.L. 89–652. The decision involves the exercise of expertise for as the Department of Defense has acknowledged, the computation of the 20-year service requirement is difficult. It is based on a complicated formula set out in 10 U.S.C. § 1332 for converting various types of reserve service to years of creditable service. As a result, reservists, including the plaintiff in this case, have received erroneous information regarding their completion of the years of service required, or have miscalculated the qualifying years. After the reservist has been notified in accordance with section 1331(d), the administrative determination of his years of qualifying service is a final decision of his eligibility for retired pay, unless the decision is caused by his fraud or misrepresentation.

On the basis of the foregoing, we conclude that plaintiff's claim falls within the category of cases discussed in this court's landmark decision in *Friedman v. United States*, 159 Ct.Cl. 1, 9, 310 F.2d 381, 386 (1962), *cert. denied* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963)—cases in which conditions precedent to the accrual of a cause of action were established by statute. As the court there stated, where such a condition precedent has been created, the claim does not ripen until the condition is fulfilled.[6]

---

**6.** Other cases holding that the running of the statute of limitations is stayed until a condition precedent has been fulfilled are: *Louisiana v.* *United States*, 22 Ct.Cl. 284, *aff'd* 123 U.S. 32, 31 L.Ed. 69 (1887); *Horton v. United States*, 31 Ct.Cl. 148 (1896); *Griffin v. United States*, 110

 

### III.

Plaintiff's petition was filed in this court on May 12, 1978, within 6 years after the accrual of his cause of action on October 5, 1976. Therefore, his claim is not barred by the statute of limitations. Accordingly, plaintiff's motion for summary judgment is granted; defendant's cross-motion for summary judgment is denied, and the case is remanded to the Trial Division for a determination of the amount plaintiff is entitled to recover.

Ct.Cl. 330, 77 F.Supp. 197 (1948), *rev'd on other grounds*, 336 U.S. 641, 69 S.Ct. 787, 93

L.Ed. 938 (1949); *Martin v. United States*, 270 F.2d 65 (4th Cir. 1959).