The plaintiff in this civilian pay case, a retired employee, contends that he is entitled to greater retirement pay than *732 he has received because in calculating that pay the government failed to give him credit for two periods of federal service. He seeks the additional retirement pay that he contends he should have received and also payment for sick leave he forfeited upon retiring. The government has moved to dismiss on various grounds, including the bar of the statute of limitations.
We agree with the government that the claims based upon the failure to give the plaintiff credit for two periods of federal service are time-barred. We hold that the claim for unused sick leave does not state a valid claim for relief. Accordingly, we dismiss the petition.
I.
The plaintiff retired from the federal service in August 1969. His annuity was computed on the basis of 17 years and 2 months of service. The plaintiff contends that his total service should have been 21 years and 10 months. The basis of this claim is that he also should have been credited for service between May 1947 and March 1950, and between June 1963 and March 1965. The Civil Service Commission denied the plaintiff credit for these two periods because it could not conclude that the plaintiff then was a federal employee.
Between 1947 and 1950, the plaintiff worked on Guam pursuant to an employment contract with a private firm. His employment was handled that way because when the Navy hired him in 1947, there were no procedures established on Guam for federal hiring of civilian employees. The gap in service between 1963 and 1965 covers a period between the termination of plaintiffs employment on American Samoa and his resumption of work on Saipan.
The plaintiff appealed the denial of credit for 1947-50 to the Civil Service Commission, which in 1970 denied the appeal because of the lack of adequate documentation that the plaintiff was a federal employee during that period. The plaintiffs appeal did not challenge the denial of credit for the period 1963-65.
The plaintiff also seeks payment of unused sick leave, which he forfeited upon retirement. He points out that *733 because of a change in the law, he would have received credit for the unused sick leave in calculating his annuity if he had delayed his retirement for approximately 3 months. He contends that the government should have informed him of that possibility.
II.
A. Section 2501 of Title 28 of the United States Code bars any claim within our jurisdiction unless the petition is filed within 6 years "after such claim first accrues.” 28 U.S.C. §2501 (1976). "A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.” Oceanic Steamship Co. v. United States, 165 Ct. Cl. 217, 225 (1964).
In the present case, all the events that fixed the liability of the United States occurred in 1969 and 1970 when, in calculating the plaintiffs annuity, the government excluded the plaintiffs service for the 1947-50 and 1963-65 periods, and did not give the plaintiff any credit for his unused sick leave. The plaintiff could have brought suit upon the claims at that time, and certainly after the Civil Service Commission denied his appeal in 1970.
The present suit, filed in July 1981, was initiated more than 10 years after the plaintiffs claims accrued. Section 2501 bars it as untimely. The fact that after 1970 the plaintiff wrote letters and submitted documentation to the Civil Service Commission in an attempt to persuade that agency to change its decision did not toll the statute. See Friedman v. United States, 159 Ct. Cl. 1, 24-25, 310 F.2d 381, 396 (1962), cert. denied, sub nom. Lipp, 373 U.S. 932 (1963).
B. The plaintiff argues, however, that under the "continuing claim” exception to the statute of limitations, his claims are timely with respect to the additional amounts he asserts he should have received for the 6 years preceding the filing of his petition. We explained the narrow scope of that doctrine in Roberts v. United States, 151 Ct. Cl. 360, 363 (1960), and we pointed out that
*734 the purpose of the statute of limitations is not defeated or undermined in entertaining claims, the operative facts of which first occurred over six years ago, as long as the facts necessary to a determination of those claims are before us with certainty and not obscured by the dust of years.
We stated that the continuing claim exception properly applies where "there are no uncertain, undiscovered, or disputed facts” and the "resolution [of the case] depends only on an interpretation of the law and regulations as they existed at the time of plaintiffs retirement which are readily available to the court and the parties.” Id.
Except for the claim relating to unused sick leave, the plaintiffs claims do not come within the continuing claim exception. There are disputed questions of fact relating to the plaintiffs status during both periods for which the plaintiff was not given credit. They involve such issues as the authority of the naval officer who appointed the plaintiff in Guam in 1947 to place him in the civil service, the nature of his employment between 1947 and 1950 under his contract with the private contractor, and the duties, if any, he performed during the period 1963-65.
The answers to these questions depend upon the resolution of factual issues, the evidence on which goes back 35 years for the claim for the first period and almost 20 years for the second claim. These are precisely the kind of stale claims the statute of limitations was intended to bar and the continuing claim exception is inapplicable.
The claim based upon unused sick leave stands on a different footing. Although that claim is more than 30 years old, it involves no factual issues but only a legal question.
The plaintiff, however, loses on the legal issue. At the time the plaintiff retired, the pertinent statutes and regulations did not provide either compensation or credit upon retirement for unused sick leave. Burich v. United States, 177 Ct. Cl. 139, 150, 366 F.2d 984, 990-91 (1966), cert denied, 389 U.S. 885 (1967). The fact that, approximately 3 months after the plaintiff retired, a new statute and regulations became effective that give credit for unused sick leave in calculating annuities does not entitle the plaintiff to additional compensation. The plaintiffs annuity *735 properly was determined according to the law on the date of his retirement. The government was not required to advise the plaintiff that if he postponed his retirement his annuity would be increased to reflect unused sick leave. Nordstrom v. United States, 169 Ct. Cl. 632, 638, 342 F.2d 55, 59 (1965). The plaintiff has not stated a valid claim for recovery with regard to unused sick leave.
The defendant’s motion to dismiss is granted, and the petition is dismissed.
Plaintiffs motion for reconsideration was denied April 2, 1982 and plaintiffs petition for a writ of certiorari was denied January 10,1983.