**Ellen M. KELLY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 603–83C.

United States Claims Court.

Aug. 13, 1986.

James M. Sack, Washington, D.C., for plaintiff.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

### MOODY R. TIDWELL, III, Judge:

This is a military pay case which comes before this court on Cross-Motions for Summary Judgment. The question presented is whether the Air Force Board for the Correction of Military Records properly determined that plaintiff was not entitled to recover survivor annuity benefits under the Survivor Benefit Plan. 10 U.S.C. §§ 1447–1455 (1982). The court concludes that the Board's determinations were erroneous and that plaintiff is entitled to judgment as a matter of law.

## FACTS

Plaintiff, Ms. Ellen M. Kelly, is the widow of Air Force Technical Sergeant Richard Elliott Kelly (TSgt. Kelly). The Kellys were married on March 5, 1957. This marriage continued until the time of TSgt. Kelly's death on October 4, 1980.

On July 28, 1976, TSgt. Kelly executed Department of Defense Form 1883 indicating his election not to participate in the Survivor Benefit Plan (the plan). Under the plan, the monthly retired pay of a participating retired servicemember is reduced by an amount determined prior to retirement. This predetermined sum goes to fund an annuity paid to the surviving spouse and dependent children upon the servicemember's death. Participation in the plan is automatic for servicemembers who are married or have dependent children at the time they become eligible for retired pay, unless such servicemember elects not to participate in the plan before the first day for which he becomes eligible for retirement pay. 10 U.S.C. § 1448(a) (1982). Should a servicemember elect not to participate in the plan at the maximum level, the servicemember's spouse is required by statute to be notified of such election.[1] The regulation implementing the statute requires that the notification to the spouse be made in writing.[2]

Three days after executing Department of Defense Form 1883 indicating his election not to participate in the plan, TSgt. Kelly entered into retired status. More than four years later, on October 4, 1980, TSgt. Kelly died. Shortly thereafter, plaintiff applied to the Air Force for survivor benefits under the plan, but was informed of TSgt. Kelly's election-out of the plan. Subsequently, on September 2, 1983, plaintiff applied to the Air Force Board for the Correction of Military Records (the Board) seeking correction of TSgt. Kelly's military records to reflect her entitlement to full survivor benefits. Plaintiff alleged that she had not received notification from the

---

1. 10 U.S.C. § 1448(a)(3)(A) (1982) provides in pertinent part: "If a person ... who is married elects not to participate in the Plan at the maximum level ... that person's spouse shall be notified of that election."

2. Air Force Regulation 211–24, ¶ 7 (5 June 1975), provides:
   When a member, with an eligible spouse, elects less than full participation and coverage under the plan, the PA counselor so advises the spouse in writing, using the letter format of attachment 1. Notification of the spouse when required is accomplished within 48 hours of the counseling session by regular mail for both CONUS and outside the CONUS addresses.... A copy of the letter should be filed with the member's DD Form 1883 by the PA counselor.

Air Force as to TSgt. Kelly's decision, and that, therefore, her husband's election not to participate in the plan was ineffective.

Without waiting for the Board to make its decision, plaintiff also sought relief in this court by filing a Complaint on October 4, 1983. The action in this court was suspended until April 1985, when the Board rendered a decision denying plaintiff's application for relief. Subsequently, the parties filed Cross-Motions for Summary Judgment.

## DISCUSSION

Plaintiff's position before this court is that TSgt. Kelly's attempt to elect-out of the plan was ineffective because she was never counseled or notified of her husband's election. Plaintiff maintains that the plan provides for automatic coverage of the spouse unless the servicemember elects not to participate and that notice to the spouse of such an election is statutorily required. Accordingly, plaintiff contends that failure to give notice invalidates the election and restores full coverage under the plan. Plaintiff cites the legislative history of the plan and *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), to support this result.

Defendant contends that the Air Force did not violate the notice requirement of 10 U.S.C. § 1448(a) and that this court lacks jurisdiction in this matter because plaintiff has not predicated her claim on a statute which provides for a money judgment. Defendant maintains that the United States Court of Claims incorrectly decided *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), and that it should not be followed as precedent by this court. In support of its position, defendant directs the court's attention to proposed amendments to the Survivor Benefit Plan.[3] Defendant further contends that plaintiff's claim is barred by laches and that the decision of

the Board was not arbitrary, capricious, or unsupported by substantial evidence.

This court recently addressed these same issues in *Dean v. United States*, 10 Cl.Ct. 563 (1986). Accordingly, the court concludes that this case is substantially controlled by *Dean* and that each of defendant's contentions deserves but a brief discussion.

### I. *Jurisdiction*

Defendant contends that the statute relied on by plaintiff, 10 U.S.C. § 1448(a) (1982), does not command the payment of money to her under the circumstances alleged in her Complaint. In *Dean v. United States*, 10 Cl.Ct. 563 (1986), this court reexamined the United States Court of Claims' decision on this issue as articulated in *Barber v. United States*, 230 Ct.Cl. 287, 767 F.2d 651 (1982), and held that the United States Claims Court had jurisdiction over plaintiff's claim because the statute setting out the provisions of the plan created a substantive right mandating compensation for damages sustained. *Dean*, at 567. Furthermore, this court held that the 1985 amendments to the plan only added support to the United States Court of Claims' Opinion in *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982). *Dean*, at 566–67.

■ Accordingly, the court holds that its Opinion in *Dean* is controlling on this issue and that plaintiff's action is properly within this court's jurisdiction.

### II. *Laches*

■ Defendant contends that plaintiff's claim is barred by laches because plaintiff did not file the instant action until three years after her claim arose.[4] However, in order to be successful in barring plaintiff's action based on the doctrine of laches, defendant must show that (1) plaintiff unrea-

---

**3.** The court notes that these amendments have subsequently been enacted. 10 U.S.C. §§ 1447–1455, as amended by Pub.L. No. 99–145, § 721, 99 Stat. 676 (1985).

**4.** Plaintiff's claim arose on October 4, 1980, the date TSgt. Kelly died. (*See Warren v. United States*, 4 Cl.Ct. 552, 556, *aff'd.*, 746 F.2d 1489 (Fed.Cir.1984), holding that a claim by a surviving spouse for survivor benefits accrued at the latest when her husband died.)

sonably delayed in asserting her cause of action, and (2) plaintiff's delay resulted in prejudice to defendant. *Conner v. United States*, 10 Cl.Ct. 110 (1986).

### A. *Undue Delay*

Plaintiff contends that her Complaint was timely filed and that any delay was neither unreasonable nor unjustified. After carefully considering the facts, the court agrees with plaintiff.

■ Laches is a "fairness" doctrine by which relief is denied to one who has unreasonably and inexcusably delayed the assertion of a claim, resulting in injury or prejudice to the adverse party. *Brundage v. United States*, 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). However, it does not stand or fall merely by counting the months or years on a calendar. There must be a balancing of the equities.

In the instant case, plaintiff's claim arose upon the death of TSgt. Kelly on October 4, 1980. Shortly thereafter, plaintiff applied to the Air Force for survivor benefits under the plan. By letter dated December 12, 1980, plaintiff was informed by the Air Force Retired Pay Division that she was not entitled to benefits because her husband had elected to opt-out of the plan. This letter listed TSgt. Kelly's July 28, 1976 declination of participation in the plan as an enclosure. However, due to an apparent clerical error, the declination of TSgt. Kelly was not enclosed. It was not until June 15, 1981, in response to an inquiry from plaintiff's attorney, that the Air Force provided plaintiff with the declination of TSgt. Kelly.

After receiving TSgt. Kelly's declination, plaintiff requested further documentation from the Air Force and sought to learn more about the applicable Air Force regulations and statutes. Plaintiff selected a different legal counsel in the Washington,

D.C. area who filed this suit on behalf of plaintiff on October 4, 1983.

■ Based upon the foregoing, the court concludes that plaintiff's delay was not unreasonable. While it may be true that on different facts a delay of two and one-half years may be deemed unreasonable and unjustified, here, the court concludes that plaintiff pursued her claim with enough persistence and diligence so that it cannot fairly be said that plaintiff has slept on her rights.

### B. *Prejudice*

Since defendant has failed to show that plaintiff's delay was unreasonable or unjustified, it follows that defendant cannot successfully show that plaintiff's claim is barred by the doctrine of laches. The court notes, as it did in *Dean v. United States*, 10 Cl.Ct. 563 (Cl.Ct.1986), that this dispute would be moot if defendant could produce a copy of the spousal notification letter it allegedly sent to plaintiff. Defendant's loss of this critical piece of evidence should not be attributed to plaintiff; rather, it was defendant's own shortsighted regulation under which that document was officially destroyed that precludes defendant from having that critical piece of evidence to support its position.[5]

### III. *Notice*

By affidavit, plaintiff contends that she received no notice of TSgt. Kelly's decision to forego participation in the plan. Defendant maintains that notice was given pursuant to 10 U.S.C. § 1448(a) and thus no violation of that statute occurred. Defendant supports its position by relying on the general presumption of regularity by Air Force officials and would have the court conclude that notice was given because public officers are presumed to discharge their duties correctly.

■ Under circumstances similar to those in the instant case, this court held in

---

**5.** From 1972 to 1977 copies of spousal notification letters were destroyed after six months. From July 18, 1977 through August 13, 1979, copies of those letters were destroyed after two years. The court notes with satisfaction that this regulation has been modified since August 13, 1979, to preserve such important documents permanently in the retiree's finance records.

*Dean v. United States*, 10 Cl.Ct. 563 (Cl.Ct.1986), that plaintiff's affidavit was effective to rebut defendant's presumption so that the presumption had ceased to exist. Similarly, the court now concludes that while a presumption for defendant may have existed, plaintiff's presumption-defeating affidavit has not been successfully controverted by defendant. Accordingly, the court holds that its Opinion in *Dean v. United States*, is controlling on this issue and that plaintiff has effectively rebutted defendant's presumption that the appropriate notice was sent to plaintiff so that the presumption has ceased to exist.

### IV. *The Board's Decision*

This court may overturn a decision of the Board when it is unsupported by substantial evidence or when there is noncompliance with applicable laws and regulations. *Jordan v. United States*, 205 Ct.Cl. 65, 72–73 (1974).

In arriving at its decision, the Board concluded that plaintiff had failed to present sufficient evidence to prove her case. The Board distinguished *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), on the grounds that it was decided on "a narrow set of facts" not present in the instant case. First, the Board noted that the deposition of the government's only witness, a Mr. Russell, contradicted his own affidavit. Second, the Board noted that the government apparently did not have a copy of the notice letter even before it was supposed to have been destroyed. The Board then invoked the presumption that public officers do their duty properly and stated that it was "not convinced that applicant's memory after a seven-year period should be given more reliance than the regulatory procedure."

Here again, the court concludes that its Opinion in *Dean v. United States*, 10 Cl.Ct. 563 (Cl.Ct.1986), is controlling. Faced with a nearly identical Board decision and nearly identical facts, this court held in *Dean* that "neither of the factual differences used by the Board to distinguish *Barber* from the instant case, either singularly or collectively, significantly influenced any part of the *Barber* court's holding." Accordingly, the court held that the *Barber* court's holding was controlling and that the Board's decision was unsupported by substantial evidence. This court again so holds in the instant case for the reasons stated in *Dean*.

### CONCLUSION

The court concludes that its Opinion in *Dean* is fully controlling on the issue of jurisdiction and that defendant has failed to establish a viable defense of laches. Moreover, the court concludes that plaintiff was not given the notice required by law and that the decision of the Board is unsupported by substantial evidence.

■ The court holds that plaintiff is entitled to coverage under the Survivor Benefit Plan and to appropriate survivor benefits from the date of TSgt. Kelly's death on October 3, 1980, until such time as she is no longer eligible therefor. The court further holds that to the accrued total benefits to which plaintiff is presently entitled there shall be offset that amount actually paid to TSgt. Kelly during the period of his retirement that would otherwise have been deducted from his retirement pay as his contribution to the plan. Plaintiff is also entitled to have her late husband's military records changed to reflect plaintiff's coverage under the plan in a manner consistent with this Opinion.

Accordingly, Plaintiff's Motion for Summary Judgment is granted. Defendant's Cross-Motion for Summary Judgment is denied. Within 20 days the parties will file a stipulation of the amount due and the Clerk will enter judgment in favor of plaintiff for the amount stipulated and direct the Secretary of the Air Force to change plaintiff's late husband's military records in a manner consistent with this Opinion, if necessary. Costs to plaintiff.

IT IS SO ORDERED.