Rosemary J. McCARTHY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 275–84C.

United States Claims Court.

Aug. 15, 1986.

Guy J. Ferrante, Falls Church, Va., for plaintiff.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

### MOODY R. TIDWELL, III, Judge:

This is a military pay case which comes before this court on Cross-Motions for Summary Judgment. The question presented is whether the Air Force Board for the Correction of Military Records properly determined that plaintiff was not entitled to recover survivor annuity benefits under the Survivor Benefit Plan. 10 U.S.C. §§ 1447–1455 (1982). The court concludes that the Board's determinations were erroneous and that plaintiff is entitled to judgment as a matter of law.

### FACTS

Plaintiff, Ms. Rosemary McCarthy, is the widow of Air Force Colonel William Edmond McCarthy. The McCarthys were married on April 25, 1957. This marriage continued until the time of his death on October 14, 1981.

On October 16, 1972, Colonel McCarthy executed Department of Defense Form 1883 indicating his election not to participate in the Survivor Benefit Plan (the plan). Under the plan, the monthly retired pay of a participating retired servicemember is reduced by an amount determined prior to retirement. This predetermined sum goes to fund an annuity paid to the surviving spouse and dependent children upon the servicemember's death. Participation in the plan is automatic for service-members who are married or have dependent children at the time they become eligible for retired pay, unless such servicemember elects not to participate in the plan before the first day for which he becomes eligible for retirement pay. 10 U.S.C. § 1448(a) (1982). Should a servicemember elect not to participate in the plan at the maximum level, the servicemember's spouse is required by statute to be notified in writing of such election. 10 U.S.C. § 1448(a)(3)(A) (1982).

On November 1, 1972, approximately two weeks after executing Department of Defense Form 1883 indicating his election not to participate in the plan, Colonel McCarthy entered into retired status. Nine years later, on October 14, 1981, Colonel McCarthy died. Shortly thereafter, plaintiff applied to the Air Force for survivor benefits under the plan, but was informed of Colonel McCarthy's election out of the plan. Subsequently, on December 15, 1982, plaintiff applied to the Air Force Board for the Correction of Military Records (the Board) seeking correction of Colonel McCarthy's military records to reflect her entitlement to full survivor benefits. On June 2, 1983, the Board allowed plaintiff to withdraw her application without prejudice.

On May 31, 1984, plaintiff resubmitted her application to the Board stating that she had never received the required notice. Plaintiff cited *Barber v. United States,* 230 Ct.Cl. 287, 676 F.2d 651 (1982), for the proposition that since she had not received the required notification of Colonel McCarthy's decision, his election not to participate in the plan was ineffective.

Without waiting for the Board to render a decision on her application, plaintiff also sought relief in this court by filing a Complaint on October 4, 1984. The action in this court was suspended until September 6, 1985, when the Board denied plaintiff's application for relief. Subsequently, plaintiff filed an Amended Complaint and the parties now come before this court on Cross-Motions for Summary Judgment.

DISCUSSION

Plaintiff's position before this court is that Colonel McCarthy's attempt to elect-out of the plan was ineffective because she was never counseled or notified of her husband's election. Plaintiff maintains that the plan provides for automatic coverage of the spouse unless the servicemember elects not to participate and that notice to the spouse of such election is statutorily required. Accordingly, plaintiff contends that failure to give notice invalidates the election and restores full coverage under the plan. Plaintiff cites the legislative history of the plan and *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), to support this conclusion.

Defendant contends that the Air Force did not violate the notice requirement of 10 U.S.C. § 1448(a) and that this court lacks jurisdiction in this matter because plaintiff has not predicated her claim on a statute which provides for a money judgment. Defendant maintains that the United States Court of Claims incorrectly decided *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), and that it should not be followed as precedent by this court. In support of its position, defendant directs the court's attention to the 1985 amendments to the Survivor Benefit Plan. Defendant further contends that plaintiff's claim is barred by laches and that the decision of the Board was not arbitrary, capricious, or unsupported by substantial evidence.

This court recently addressed these same issues in *Dean v. United States*, 10 Cl.Ct. 563 (1986). Accordingly, the court concludes that this case is substantially controlled by *Dean* and that each of defendant's contentions deserves but a brief discussion.

## I. *Jurisdiction*

Defendant contends that the statute relied on by plaintiff, 10 U.S.C. § 1448(a), does not command the payment of money to her under the circumstances alleged in her Complaint. In *Dean v. United States*, 10 Cl.Ct. 563 (Cl.Ct.1986), this court reexamined the United States Court of Claims' Opinion on this issue as articulated in *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982), and held that the United States Claims Court had jurisdiction over plaintiff's claim because the statute setting out the provisions of the plan created a substantive right mandating compensation for damages sustained. *Dean*, at 567. Furthermore, this court held that the 1985 amendments to the plan only added support to the United States Court of Claims' decision in *Barber*. *Dean*, at 566–67.

Accordingly, the court holds that its Opinion in *Dean* is controlling on this issue and that plaintiff's action is properly within this court's jurisdiction.

## II. *Laches*

Defendant contends that plaintiff's claim is barred by laches because plaintiff did not file the instant action until May 31, 1984, two and one-half years after her claim arose.[1] However, in order to be successful in barring plaintiff's action based on the doctrine of laches, defendant must show that (1) plaintiff unreasonably delayed in asserting her cause of action, and (2) plaintiff's delay resulted in prejudice to defendant. *Conner v. United States*, 10 Cl.Ct. 110 (1986).

## A. *Undue Delay*

Plaintiff contends that her Complaint was timely filed and that any delay was neither unreasonable nor unjustified. After carefully considering the facts, the court agrees with plaintiff.

Laches is a "fairness" doctrine by which relief is denied to one who has unreasonably and inexcusably delayed the assertion of a claim, resulting in injury or prejudice to the adverse party. *Brundage v. United States*, 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). How-

1. Plaintiff's claim arose on October 14, 1981, the date Colonel McCarthy died. (*See Warren v. United States*, 4 Cl.Ct. 552, 556, *aff'd.*, 746 F.2d 1489 (Fed.Cir.1984), holding that a claim by a surviving spouse for survivor benefits accrued at the latest when her husband died.)

ever, it does not stand or fall merely by counting the months or years on a calendar. There must be a balancing of the equities.

In the instant case, plaintiff's claim arose at the death of Colonel McCarthy on October 14, 1981. In November of 1981, plaintiff visited the Casualty Branch of the Lowry Air Force Base seeking assistance in handling her husband's affairs. She also went to the Casualty Office of the Air Force Accounting and Finance Center to resolve Colonel McCarthy's pay account. It was during this visit to the Accounting and Finance Center that plaintiff learned about the Survivor Benefit Plan and that Colonel McCarthy had opted-out of the plan.

In late January 1982, plaintiff suffered an injury for which she had to undergo neurosurgery in February 1982. She spent the next three weeks in the hospital followed by an additional five weeks of convalescence in her home. After her recovery, plaintiff made three visits to her military headquarters in search of the legal assistance that she thought she was entitled to receive due to her status as a military dependent. It was explained to her that military lawyers could not represent her in such matters because it would constitute a conflict of interest. Subsequently, plaintiff sent a letter to the appropriate Air Force office explaining her circumstances and requesting survivor benefits under the plan. Plaintiff stated that she believed that she was entitled to such benefits based on her understanding of the *Barber* decision.

On November 29, 1982, plaintiff received a reply from the Air Force advising her that she should formally apply to the Correction Board for a change of her husband's military records. Subsequently, on December 15, 1982, plaintiff filed an application for relief with the Board requesting a correction to Colonel McCarthy's military records.

In March 1983, plaintiff received a copy of the Air Force advisory opinion and learned that she had 30 days to submit her rebuttal. During the course of reviewing the advisory opinion and preparing her reply, plaintiff concluded that she would need professional assistance. Consequently, plaintiff was permitted to withdraw her application without prejudice.[2] After obtaining legal counsel and compiling all the documentary evidence in order to support her position, plaintiff resubmitted her application on May 31, 1984, and simultaneously filed a Complaint in this court. Thus, plaintiff's delay constitutes the 30 month period from her husband's death in October 1981 to the filing of her Complaint in May 1984.

Plaintiff argues that it would be entirely appropriate to consider this delay as two shorter periods of delay *i.e.*, 14 months between her husband's death and her first application to the Board and 12 months between the withdrawal of her first application and the filing of her Complaint. Plaintiff argues that when viewed in this manner, the period of her delay was reasonable.

Based on the foregoing facts, the court does not find it necessary to divide plaintiff's delay into two periods, thus excluding the period during which plaintiff's first application to the Board was pending, in order to find that plaintiff's delay was justified and reasonable.

### B. *Prejudice*

■ Since defendant has failed to show that plaintiff's delay was unreasonable or unjustified, it follows that defendant cannot successfully show that plaintiff's claim is barred by the doctrine of laches. How-

---

**2.** Plaintiff states that she took this action "when an official at AFMPC recommended that [she] withdraw [her] application because it was not prepared properly." The court does not view this recommendation as being necessarily significant, but mentions it in an effort to explain one possible factor in plaintiff's decision to withdraw her December 15, 1982 application. The court notes that another possible factor that may have influenced plaintiff's decision to withdraw her application was revealed in plaintiff's statement that she "began to fear that [she] was in over [her] head and might need professional assistance."

ever, the court notes that even if defendant could show undue delay by plaintiff, defendant would be unsuccessful in showing that plaintiff's delay resulted in prejudice to defendant.

Defendant contends that as a result of plaintiff's delay, it has lost evidence that would support its position. Defendant's brief in support of its Cross-Motion for Summary Judgment states this contention as follows:

Further, plaintiff's inexcusable delay obviously has resulted in prejudice to the Government. Because the most critical piece of documentary evidence, the 1973 spousal notification letter to plaintiff, was destroyed pursuant to Air Force records destruction policy, defendant must rely almost solely upon the testimony of its officers and employees. *Brundage, supra.* It is inevitable that their memories will have faded over the intervening decade. This is particularly true when the events they are being asked to recall are not inherently significant, but rather, part of their daily routine.... The 'routine chore' involved here is the mailing of a letter. As is to be expected, the supervisor of the section which would have mailed out the letter cannot remember Colonel McCarthy or anything about it. All he can remember is his office's pattern of handling retirement and SBP matters. Further, the Government has been unable to locate the individual who had the responsibility for mailing the actual letter. Clearly, if plaintiff is permitted to pursue her claim in spite of her delay, the Government would be prejudiced.[3]

It is true that this dispute would be moot if defendant could now produce a copy of the spousal notification letter it allegedly sent to plaintiff. However, defendant's loss of this critical piece of evidence should not be attributed to plaintiff. Rather, it was defendant's own short-sighted regulation under which that document was prematurely but officially destroyed that precludes defendant from having that critical piece of evidence available to support its position.[4] Colonel McCarthy died nearly nine years after he elected-out of the plan. Thus, about 75% of the total delay had passed before Colonel McCarthy died and the claim began to accrue. Since laches requires proof that the asserted prejudice resulted from plaintiff's delay, this court would have to come to the unlikely conclusion that those officers and employees remembered the details of Colonel McCarthy's retirement until late 1981, when the claim accrued, and then forgot them by May 1984, in order to find the prejudice defendant asserts. This the court is unwilling to do.

Furthermore, defendant's concern sounds hollow in light of its own delay in obtaining the declaration of Lieutenant Colonel Gerrit J. Scholten which purports to describe the normal procedures followed in processing Colonel McCarthy's documents. It appears that defendant made no effort to contact any of the individuals who might have been familiar with the circumstances of Colonel McCarthy's retirement until September 1984, 21 months after the filing of plaintiff's first application with the Board and four months after the filing of plaintiff's second application with the Board and the filing of her Complaint in this court.

Based on the foregoing, the court holds that defendant has failed to establish that it was prejudiced due to plaintiff's delay. Thus, defendant has failed to successfully invoke the defense of laches to bar plaintiff's claim.

---

**3.** In the court's view, defendant's reference to the 1973 spousal letter is erroneous. According to Air Force regulations, defendant should have mailed the spousal notification letter to plaintiff in 1972 since Colonel McCarthy executed Department of Defense Form 1883 on October 16, 1972.

**4.** From 1972 to 1977 copies of spousal notification letters were destroyed after six months. From July 18, 1977 through August 13, 1979, copies of these letters were destroyed after two years. The court notes with satisfaction that this regulation has been modified since August 13, 1979, to preserve such important documents permanently in the retiree's finance records.

### III. *Notice*

■ By affidavit, plaintiff contends that she received no notice of Colonel McCarthy's decision to forego participation in the plan. Defendant maintains that notice was given pursuant to section 1448(a) and, thus, no violation of that statute occurred. Defendant supports its position by relying on the general presumption of regularity by Air Force officials and would have the court conclude that notice was given because public officers are presumed to discharge their duties correctly.

Under circumstances similar to those in the instant case, this court held in *Dean v. United States,* 10 Cl.Ct. 563 (Cl.Ct.1986), that plaintiff's affidavit was effective to rebut defendant's presumption so that the presumption had ceased to exist. Similarly, the court now concludes that while a presumption for defendant may have existed, plaintiff's presumption-defeating affidavit has not been controverted by defendant. Viewed in a vacuum, the presumption would be enough to convince a reasonable person that notice was given. However, when viewed in conjunction with the entire record, it becomes apparent that it is wholly insufficient to defeat plaintiff's sworn testimony. In fact, plaintiff's entire course of conduct, from the moment of Colonel McCarthy's death, is consistent with the substance of her sworn statement. Accordingly, the court holds that its Opinion in *Dean v. United States* is controlling on this issue and that plaintiff has effectively rebutted defendant's presumption that the appropriate notice was sent to plaintiff so that the presumption has ceased to exist.

### IV. *The Board's Decision*

This court may overturn a decision of the Board when it is unsupported by substantial evidence or when there is non-compliance with applicable laws and regulations. *Jordan v. United States,* 205 Ct.Cl. 65, 72–73 (1974). In arriving at its decision, the Board concluded that plaintiff had failed to present sufficient evidence to prove her case. The Board distinguished *Barber* on the grounds that it was decided on "a narrow set of facts" not present in the instant case. First, the Board noted that the deposition of the government's only witness, a Mr. Russell, contradicted his own affidavit. Second, the Board noted that the government apparently did not have a copy of the notice letter even before it was supposed to be destroyed. The Board then invoked the presumption that public officers do their duty properly and stated that it was "not convinced that applicant's memory after an 11–year period should be given more reliance than the regulatory procedure."

Here again, the court concludes that its Opinion in *Dean v. United States,* 10 Cl.Ct. 563 (Cl.Ct.1986), is controlling. Faced with a nearly identical Board decision and nearly identical facts, this court held in *Dean* that "neither of the factual differences used by the Board to distinguish *Barber* from the instant case, either singularly or collectively, significantly influenced any part of the *Barber* court's holding." Accordingly, the court held that the *Barber* court's holding was controlling and that the Board's decision was unsupported by substantial evidence. This court again so holds in the instant case for the reasons stated in *Dean.*

### CONCLUSION

■ The court concludes that its Opinion in *Dean* is fully controlling on the issue of jurisdiction and that defendant has failed to establish a viable defense of laches. Moreover, the court concludes that plaintiff was not given the notice required by law and that the decision of the Board is unsupported by substantial evidence.

The court holds that plaintiff is entitled to coverage under the Survivor Benefit Plan and to appropriate survivor benefits from the date of Colonel McCarthy's death on October 14, 1981, until such time as she is no longer eligible therefor. The court further holds that to the accrued total benefits to which plaintiff is presently entitled there shall be offset that amount actually paid to Colonel McCarthy during the period of his retirement that would otherwise have been deducted from his retirement

pay as his contribution to the plan. Plaintiff is also entitled to have her late husband's military records changed to reflect plaintiff's coverage under the plan in a manner consistent with this Opinion.

Accordingly, Plaintiff's Cross-Motion for Summary Judgment is granted. Defendant's Motion for Summary Judgment is denied. Within 20 days the parties will file a stipulation of the amount due and the Clerk will enter judgment in favor of plaintiff for the amount stipulated and direct the Secretary of the Air Force to change plaintiff's late husband's military records in a manner consistent with this Opinion, if necessary. Costs to plaintiff.

IT IS SO ORDERED.