**Jewell M. HART, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 603–88–C.

United States Claims Court.

June 23, 1989.

---

James C. Harper, Wilmington, N.C., for plaintiff.

Mary Mitchelson, with whom were Asst. Atty. Gen. John R. Bolton and David M. Cohen, Washington, D.C., for defendant. Capt. Paul C. Clark, Dept. of the Air Force, of counsel.

## OPINION AND ORDER

TURNER, Judge.

Jewell M. Hart, the widow of an Air Force retiree, seeks survivor annuity benefits under the Survivor Benefit Plan (SBP), 10 U.S.C. §§ 1447–1455 (1982).[1] Defendant has filed a motion to dismiss the suit as barred by the pertinent statute of limitations, 28 U.S.C. § 2501 (1982). Defendant's motion to dismiss is granted in part and denied in part.

### I

Plaintiff is the widow of Sergeant Gene Cleon Hart, who retired from active duty with the Air Force on October 10, 1976.[2] Sergeant Hart died on October 15, 1980. At the time of or after his retirement, Sergeant Hart elected not to participate in the SBP. Plaintiff alleges that contrary to the requirements of 10 U.S.C. § 1448(a)(3)(A),[3] defendant failed to notify

---

1. For a detailed description of the Survivor Benefit Plan, including its purposes and operation, see *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982).

2. The facts set forth in text are gleaned from the complaint and are taken as true for the purpose of ruling on the motion to dismiss.

3. Title 10 U.S.C. § 1448(a)(3)(A) (1982) provides in pertinent part: "If a person who is married elects not to participate in the [Survivor Benefit] Plan at the maximum level, ... that person's spouse shall be notified of the decision."

her of her husband's election out and that defendant did not counsel her as to the election's possible adverse effect on her future pecuniary welfare as required by AFR 211–24.[4]

Plaintiff avers that she first became aware of her rights and possible entitlement to benefits as a result of reading a March 1987 news article. Plaintiff filed this suit on October 18, 1988. Plaintiff seeks recovery of "all sums of money which would have been due and payable to her under the [SBP] together with interest thereon" (Complaint at 3).

## II

In its motion to dismiss, the government argues that plaintiff's claim first accrued, at the latest, on the date of her husband's death in 1980 and is therefore barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. Defendant contends, further, that plaintiff's professed ignorance of her legal rights cannot toll the running of the statute. In its Reply, defendant urges that the "continuing claim" doctrine cited by plaintiff cannot be applied to this case since (1) the factual issue here is not sufficiently narrow and (2) plaintiff "has failed to cite to one instance in which the continuing claim doctrine has been applied to a claim for a survivor benefit" (Def. Reply at 6–7).

Plaintiff urges the court to find that this action did not accrue until she "actually became aware of her right to benefits" in 1987 (Plaintiff's Further Opposition at 3). She asserts that to hold otherwise would permit the government to profit from its failure to comply with the law regarding the giving of notice and counseling. Alternatively, plaintiff urges that hers is a "continuing claim [which] renews at each successive pay period"; hence, she seeks at least annuity benefits "for the six years

next preceding the filing of her complaint" as well as future benefits (Plaintiff's Opposition at 4).

## III

Title 28 U.S.C. § 2501 (1982) provides: "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." See also 28 U.S.C. § 2401(a) ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"). A claim "first accrues" when "all the events have occurred which fix the liability of the government and entitle the claimant to institute an action." *Oceanic S.S. Co. v. United States,* 165 Ct.Cl. 217, 225 (1964); *see Collins v. United States,* 14 Cl.Ct. 746, 751, *aff'd,* 865 F.2d 269 (Fed.Cir.1988); *McDonnal v. United States,* 9 Cl.Ct. 629, 632 (1986); *Steiner v. United States,* 9 Cl.Ct. 307, 310 (1986).

With respect to the claim (or claims) involved in this case, three "events" are required to "fix the liability of the government and entitle the claimant to institute an action," *Oceanic S.S. Co.,* 165 Ct.Cl. at 225: (1) Absence of a *valid* election by plaintiff's retired military spouse not to participate in the SBP (a valid election out occurs only if defendant notifies plaintiff of such election), (2) death of plaintiff's spouse survived by plaintiff and (3) failure of defendant to provide plaintiff with monthly survivor annuity benefit payments. *See Barber v. United States,* 230 Ct.Cl. 287, 676 F.2d 651 (1982), *construing* 10 U.S.C. § 1448(a)(3)(A). The Federal Circuit has held that the government's

> failure to pay an automatic annuity under the SBP, absent ... a valid election out [i.e. an election accompanied by

---

**4.** Air Force Regulation 211–24, ¶ 7 (June 1975) provides:

> When a member, with an eligible spouse, elects less than full participation and coverage under the plan, the PA counselor so advises the spouse in writing, using the letter format of attachment 1. Notification of the spouse when required is accomplished within 48

hours of the counseling session by regular mail for both CONUS and outside the CONUS addresses (see note to paragraph 6a). A copy of the letter should be filed with the member's DD Form 1883 by the PA counselor.

*Quoted in Barber v. United States,* 230 Ct.Cl. 287, 289 n. 2, 676 F.2d 651, 653 n. 2 (1982).

spousal notice from defendant] gives rise to a claim within the jurisdiction of the Claims Court for money improperly withheld.

*Kelly v. United States,* 826 F.2d 1049, 1052 (Fed.Cir.1987); *see Barber v. United States,* 230 Ct.Cl. at 291, 676 F.2d at 654.

■ The right which plaintiff asserts is entitlement to *automatic monthly* payments. Plaintiff's claim is "for money improperly withheld." *Kelly v. United States,* 826 F.2d at 1052; *Barber v. United States,* 230 Ct.Cl. at 291, 676 F.2d at 654. Such a claim cannot "first accrue" until money is "withheld" and money cannot be "withheld" until due and payable. Accordingly, plaintiff's suit actually consists of a *series* of separate claims. Each of these separate claims "first accrued" only on the date defendant failed to make a payment then due.[5] For these reasons, and for reasons set forth more fully below, it is concluded that plaintiff's suit fits within the "continuing claim exception"[6] to this court's six-year statute of limitations.

The continuing claim doctrine was fashioned by the Court of Claims and applies to certain claims against the government which allege "failure to perform an ongoing duty prescribed by law." *Mitchell v. United States,* 13 Cl.Ct. 474, 486 (1987). The most frequently recognized "continuing claims" have been suits for compensation payable periodically. *See, e.g., Cosgriff v. United States,* 181 Ct.Cl. 730, 387 F.2d 390 (1967); *Miller v. United States,* 180 Ct.Cl. 872 (1967); *Lerner v. United States,* 168 Ct.Cl. 247 (1964). Such a claim can be considered to involve "multiple causes of action, each arising at the time the Government fails to make the payment alleged to be due." *Burich v. United States,* 177 Ct.Cl. 139, 143, 366 F.2d 984, 986 (1966), *cert. denied,* 389 U.S. 885, 88 S.Ct. 152, 19 L.Ed.2d 182 (1967).

Thus, a claim for "hazardous duty pay" can be a continuing claim, for which a separate cause of action arises on each payday that defendant fails to include such extra pay in plaintiff's paycheck. *Bevelheimer v. United States,* 4 Cl.Ct. 558, 561 (1984). The same "continuing claim" treatment has been accorded claims for overtime pay. *Beebe v. United States,* 226 Ct.Cl. 308, 324, 640 F.2d 1283, 1293 (1981); *Blair v. United States,* 15 Cl.Ct. 763, 767 n. 5 (1988); *Harris v. United States,* 13 Cl.Ct. 363, 366 (1987). Continuing claim treatment has also been given to a suit for salary increases that should have been but were not received. *Best v. United States,* 14 Cl.Ct. 720, 724 (1988).

The continuing claim doctrine has been applied in other contexts as well. For example, in the patent area, it has been held "that each instance of governmental use produces a new cause of action under [28 U.S.C. § ] 1498." *American Tel. & Telegraph Co. v. United States,* 231 Ct.Cl. 360, 369, 685 F.2d 1361, 1366 (1982); *see also Calhoun v. United States,* 173 Ct.Cl. 893, 354 F.2d 337 (1965); *Irving Air Chute Co. v. United States,* 117 Ct.Cl. 799, 93 F.Supp. 633 (1950). Further, the doctrine has been applied to a claim against the

---

5. Accordingly, defendant's contention that plaintiff's claims "first accrued, at the latest, on the date of her husband's death" is rejected. As the discussion in text makes clear, plaintiff's claims actually first accrued, at the *earliest,* on the first date *after* her husband's death that defendant failed to make a survivor benefit payment. Had plaintiff brought suit on the date of her husband's death (as defendant seems to suggest she could have), her claim would have been premature and would have been tantamount to a declaratory judgment action over which this court lacks jurisdiction. *United States v. King,* 395 U.S. 1, 5, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969).

6. The "continuing claim" doctrine has been termed an "exception" to the statute of limitations because when considered superficially, it seems to ignore the word "first" in the statutory phrase, "within six years after such claim *first* accrues." 28 U.S.C. § 2501 (emphasis added). Actually, as the Court of Claims observed in *Feldman v. United States,* 149 Ct.Cl. 22, 31, 181 F.Supp. 393, 399 (1960), the "continuing claim" doctrine is not really an exception because "each failure of the [government] to pay the [monies deserved] at the end of the time stipulated for payment will give rise to a separate claim or cause of action for [monies] not paid," and each separate claim therefore "first accrues" only "when the Government fails to pay the [monies] related to each separate claim" (citations omitted).

government for breach of a non-exportation agreement. *Aktiebolaget Bofors v. United States,* 139 Ct.Cl. 642, 644, 153 F.Supp. 397, 399 (1957) ("each act of violation, whenever it occurred, would constitute a violation of the agreement"). Continuing claim treatment has also been accorded to certain Indian claims involving alleged breaches of an ongoing duty to act. *Mitchell v. United States,* 13 Cl.Ct. at 486 (claims arising from government's failure to protect fisheries from "dangerous logging practices" were continuing claims); *Mitchell v. United States,* 10 Cl.Ct. 63, 77, *modified,* 10 Cl.Ct. 787 (1986) (each government failure to fulfill statutory duty to replant trees "gave rise to a separate claim"); *Navajo Tribe of Indians v. United States,* 9 Cl.Ct. 336, 435 n. 95 (1986) (claims arising from government's poor recordkeeping and accounting practices were "continuing claims"). Finally, the "half-a-loaf" doctrine has long been a part of continuing claim jurisprudence. This doctrine

> applies where a corrections board grants plaintiff's claim, but stops short of awarding the full appropriate relief requested by plaintiff. Failure of the board to grant full relief where it is mandated by the records change results in a 'new cause of action' or 'continuing claim' which revives the statute of limitations.

*Bonen v. United States,* 229 Ct.Cl. 144, 149, 666 F.2d 536, 539 (1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982), *citing Denton v. United States,* 204 Ct.Cl. 188 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975).

When continuing claim treatment is appropriate, the effect is to allow a suit to withstand a statute of limitations defense, but only with respect to those alleged wrongs occurring within six years of filing. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1581 (Fed.Cir.1988); *Garcia v. United States,* 223 Ct.Cl. 110, 115, 617 F.2d 218, 220 (1980); *Mitchell v. United States,* 10 Cl.Ct. at 75; *Bevelheimer v. United States,* 4 Cl.Ct. at 561.

The "continuing claim" doctrine is strictly and narrowly applied. *Waite v. United States,* 230 Ct.Cl. 731, 733 (1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983); *Acker v. United States,* 6 Cl.Ct. 503, 513 (1984). Its availability depends on satisfaction of all three criteria set forth in the landmark "continuing claim" case, *Friedman v. United States,* 159 Ct.Cl. 1, 7, 310 F.2d 381, 384–85 (1962), *cert. denied sub. nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963):

> (a) Congress ha[s] not entrusted an administrative officer or tribunal with the *determination* of the claimant's eligibility for the particular pay he [seeks]; (b) the case turn[s] on pure issues of law or on specific issues of fact which the court [is] to decide for itself (*i.e.,* Congress ha[s] not established any administrative tribunal to *decide* either the factual or the legal questions); and (c) in general the case call[s] upon the court to resolve sharp and narrow factual issues not demanding judic[i]al evaluation of broad concepts such as 'disability' (concepts which involve the weighing of numerous factors and considerations as well as the exercise of expertise and discretion). [Emphasis in original.]

The cases suggest three reasons why the Court of Claims fashioned the "continuing claim exception" to the statute of limitations. First, as discussed above, a "continuing claim" by its nature actually consists of a *series* of separate claims, each having a different accrual date. Second, by requiring satisfaction of all three *Friedman* criteria, the court could be assured that "the purpose of the statute of limitations [would] not [be] defeated or undermined" when it entertained continuing claims. *Roberts v. United States,* 151 Ct.Cl. 360, 363 (1960). That is because if a case turned purely on the law, the court would not have to concern itself with determination of facts "obscured by the dust of years." *Id.* And if a case turned on a factual issue sufficiently "sharp and narrow," extensive dependence on faded memories and scattered evidence would be avoided. *See Friedman v. United States,*

159 Ct.Cl. at 7, 310 F.2d at 385 ("[T]he 'continuing claim' doctrine is wholly appropriate and in accord with the general jurisprudence in this country on the statute of limitations"). Third, the continuing claim doctrine could actually be seen as operating to benefit taxpayers:

> If a person has a claim which accrues at the end of a pay period ... certainly the Government and the taxpayers are benefitted if claimant, by his failure to file earlier, is forced to forego recovery for the portion of his claim which accrued more than six years from the filing of his petition.

*Gordon v. United States,* 134 Ct.Cl. 840, 843–44, 140 F.Supp. 263, 265 (1956).

Turning to the instant case, it is clear that plaintiff has satisfied two of the three *Friedman* criteria. The first criterion is met because there is no administrative machinery in place to govern this kind of claim.[7] The second criterion is satisfied because the law is clear and resolution of only one fact question (i.e. was plaintiff notified or not) is required for decision. Thus, the availability of continuing claim treatment in this case depends on satisfaction of the third *Friedman* criterion, that is, whether the factual issue involved is sufficiently "sharp and narrow." *Friedman v. United States,* 159 Ct.Cl. at 7, 310 F.2d at 385.

There have been a number of "continuing claim" cases which turned on the third *Friedman* criterion. Those cases demonstrate that the factual issue in this case *is* sufficiently "sharp and narrow" so as not to deprive plaintiff's suit of continuing claim treatment.

In *Diamond v. United States,* 170 Ct.Cl. 166, 177, 344 F.2d 703, 709 (1965), the court accorded continuing claim treatment to a claim for the pay of a sergeant because "only a narrow fact question [was] involved—that is, whether plaintiff made a timely 'application for reenlistment.' "[8] The question involved in the instant case possesses an identically "narrow" nature. Accordingly, *Diamond* indicates that continuing claim treatment should be granted here.

The action taken in *Waite v. United States,* 230 Ct.Cl. 731 (1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983), does not signal otherwise, since *Waite* is readily distinguishable from this case. In *Waite,* the court refused to apply the continuing claim doctrine to claims for additional retirement pay because there existed a number of "disputed questions of fact." 230 Ct.Cl. at 734. The fact questions concerned, *inter alia,*

> the authority of the naval officer who appointed plaintiff in Guam in 1947 to place him in the civil service, the nature of his employment between 1947 and 1950 under his contract with the private contractor, and the duties, if any, he performed during the period 1963–65.

*Id.* The court concluded:

> The answers to these questions depend upon the resolution of factual issues, the evidence on which goes back 35 years for the claim for the first period and almost

---

7. Satisfaction of this first criterion distinguishes the instant case from four cases cited by defendant in which continuing claim treatment was denied: *Warren v. United States,* 4 Cl.Ct. 552, 556, *aff'd,* 746 F.2d 1489 (Fed.Cir.1984) ("Under the controlling statutes in effect at the time of [plaintiff's husband's] discharge ... an *application* for an annuity was a statutory requirement ... [but plaintiff's husband] never filed an application"), and *Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied sub. nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), *Dye v. United States,* 166 Ct.Cl. 540 (1964) and *Ferguson v. United States,* 166 Ct.Cl. 310 (1964) (each holding that claims for military disability retirement benefits could not accrue until final action by administrative board).

8. *Diamond* also included a claim for disability retirement benefits whose treatment as a continuing claim turned on the third *Friedman* criterion. The court refused to treat this as a continuing claim because resolution of the necessary factual issues would have required "judicial determination" of the "broad concept" of disability—a course precluded by the plain language of *Friedman. Diamond v. United States,* 170 Ct.Cl. at 174, 344 F.2d at 708. But this holding has no application to the case at bar, since resolution of the relevant factual issue would not require judicial evaluation of "broad concepts" such as disability. *Id.; Friedman,* 159 Ct.Cl. at 7, 310 F.2d at 385.

20 years for the second claim. These are precisely the kind of stale claims the statute of limitations was intended to bar and [to which] the continuing claim exception is inapplicable.

*Id.* In the instant case the court faces neither the number of factual issues nor the degree of temporal remoteness from pertinent evidence that *Waite* involved.

Nor does *Zoesch v. United States,* 226 Ct.Cl. 557, 650 F.2d 291 (1980), dictate the denial of continuing claim treatment to plaintiff's suit, although at first blush it may seem to do just that. In *Zoesch,* the court refused continuing claim treatment to a claim for military retirement benefits. The court found that addressing the factual question whether plaintiff had twenty years of retirement-qualifying service necessitated "further factual inquiries" and therefore precluded application of the continuing claim exception. 226 Ct.Cl. at 559, 650 F.2d 291. While this reasoning may seem to suggest that the existence of *any* factual issue might preclude continuing claim treatment, close reading of *Zoesch* reveals several complicating factors. First, the plaintiff had already raised his claim "three times ... before the Corrections Board" prior to initiating his Court of Claims action. 226 Ct.Cl. at 558, 650 F.2d 291. Second, the question whether plaintiff had accumulated twenty years of retirement-eligible service had to be addressed by performing computations under 10 U.S.C. § 1331 (1976)—a rather lengthy and involved statutory provision which would have required the court's determination of *numerous* fact questions. Finally, plaintiff's military career stretched from 1942 to 1966 and his Court of Claims action was not filed until 1980. The instant case presents neither the number of fact questions nor the temporal-remoteness-from-evidence problems involved in *Zoesch;* nor was this suit preceded by administrative adjudication as *Zoesch* was.

Similarly, *Blaine v. United States,* 5 Cl.Ct. 502 (1984), *aff'd,* 765 F.2d 155 (Fed. Cir.1985), which also turned on *Friedman's* third criterion, does not preclude application of the continuing claim exception to the case at bar. In *Blaine,* the court found the continuing claim exception inapplicable to plaintiff's claim for increased retirement pay. The issue in *Blaine* was plaintiff's proper rank at retirement; the court concluded that resolution of this issue would have required judicial evaluation of a discretionary act (i.e. plaintiff's non-promotion), a course proscribed by the plain language of *Friedman.* 5 Cl.Ct. at 506. No such "discretionary act" need be evaluated in order to resolve the factual issue here.

There remains but one "continuing claim" case in which the court explicitly discussed the third *Friedman* criterion: *Acker v. United States,* 6 Cl.Ct. 503 (1984). In *Acker,* the court found plaintiffs' suit for living quarters allowances and travel agreements to have satisfied the first two of *Friedman's* three criteria, but directed the parties to determine whether the factual issues were sufficiently precise and narrow to satisfy the third *Friedman* criterion. 6 Cl.Ct. at 512–13. In doing so, the court cited *Roberts v. United States,* 151 Ct.Cl. 360, 363 (1960) for the proposition that "it is essential" that there be "no 'uncertain, undiscovered, or disputed facts'" and instructed the parties to determine "what information was required to make each [relevant] determination and whether it still exists." *Acker,* 6 Cl.Ct. at 512. To the extent that *Acker* held "continuing claim" treatment to be available only where there are *no* disputed facts, we decline to follow. *Roberts* does not stand for such a rule. The *Roberts* court merely observed that because the case before it turned purely on the law, that case was clearly an appropriate candidate for continuing claim treatment. *Roberts v. United States,* 151 Ct.Cl. at 363. *Roberts* did not hold that continuing claims could be asserted *only* in pure law-issue cases. Moreover, *Friedman* was decided after *Roberts,* and *Friedman* clearly authorizes continuing claim treatment for cases involving sufficiently "sharp and narrow" fact questions. *Friedman v. United States,* 159 Ct.Cl. at 7, 310 F.2d at 385.

Finally, two other cases afforded continuing claim treatment despite the exist-

ence of factual issues. In *Brown v. United States*, 5 Cl.Ct. 1, *aff'd*, 741 F.2d 1374 (Fed.Cir.1984), existence of a factual question concerning plaintiff's "place of actual residence" did not prevent the court from treating plaintiff's claims for travel and home leave as continuing claims. 5 Cl.Ct. at 8. And in *Bevelheimer v. United States*, 4 Cl.Ct. 558, 564 (1984), continuing claim treatment was extended to claims for hazardous duty pay notwithstanding the existence of questions of fact concerning "the precise dates and times that plaintiffs performed hazardous duties."

Accordingly, it is concluded that by virtue of the narrow nature of the fact question it presents, the instant case is similar to *Diamond, Brown* and *Bevelheimer* but is distinguishable from *Waite, Zoesch* and *Blaine*. Hence, plaintiff's claims fit within the "continuing claim exception" to this court's six-year statute of limitations.[9]

### IV

Since the "continuing claim exception" rescues from the time bar only plaintiff's claims accruing within six years preceding the filing of the complaint, it is necessary to address the portion of her suit that is not rescued by the continuing claim doctrine. The remaining portion consists of the survivor benefit payments plaintiff seeks for the period from October 15, 1980 (the date of her husband's death) to October 18, 1982 (the date six years before this action was filed).

Plaintiff's attempts to defend the October 1980 to October 1982 portion of her suit from the time bar do not persuade. First, plaintiff asks the court to find that none of her claims accrued until she actually became aware of her possible entitlement to benefits in March 1987. Accrual does not depend on an "actual knowledge" of one's

rights but rather depends on the occurrence of certain "events." This is because "an individual is expected to act with reasonable diligence in the protection of [her] interests and [provided she so acts, will] *become* aware of acts of another which [have] invade[d] or injure[d] those interests." *Mitchell v. United States*, 10 Cl.Ct. at 67 (emphasis added; citations omitted).

Presumably, plaintiff means to invoke the well-established rule that "the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff does not know of [her] claim." *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 634, 373 F.2d 356, 358–59, *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). But this rule is "strictly and narrowly applied." *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed.Cir.), *cert. denied*, 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985). To secure its application, plaintiff must show either (1) that defendant has concealed its acts with the result that plaintiff was unaware of her claim's existence or (2) that the harm plaintiff suffered was inherently unknowable at the accrual date. *Id.; Japanese War Notes*, 178 Ct.Cl. at 634, 373 F.2d at 359.

Plaintiff cannot meet either of these criteria. With regard to concealment, her complaint does not suggest the kind of concealment contemplated by *Japanese War Notes* and its progeny. She does not allege that the government concealed *its* acts; instead, she seems to allege that the government concealed *her husband's* acts, or that the government concealed from her the knowledge of her legal rights. Also, she cannot contend that the government's "concealment" deprived her of the opportunity to become aware of the injury she alleges, for "due diligence would [surely] have prompted discovery" of the wrong.

---

9. This ruling is not without limits. For example, had plaintiff waited until her 80th birthday to bring this suit, the government could (1) cite the temporal-remoteness-from-pertinent-evidence problems of *Waite* and *Zoesch* (discussed above) which precluded continuing claim treatment in those cases, and (2) raise the laches defense. With regard to laches, today's ruling concerning when a claim for SBP monies "first

accrues" for statute of limitations purposes would not necessarily control the question of when such a claim "first arises" for *laches* purposes. *See Kelly v. United States*, 10 Cl.Ct. 579, 581 n. 4 (1986), *aff'd*, 826 F.2d 1049 (Fed.Cir. 1987); *McCarthy v. United States*, 10 Cl.Ct. 573, 575 n. 1 (1986); *Dean v. United States*, 10 Cl.Ct. 563, 568 (1986).

*Mitchell v. United States,* 10 Cl.Ct. at 67. Certainly she knew that payments from defendant did not commence following the death of her husband. This constituted notice sufficient to excite her attention; indeed, it did excite her attention for it caused her to make inquiries of government officials.[10] " '[W]hatever is notice enough to excite attention and put the party on [her] guard and call for inquiry, is [also] notice of everything to which inquiry might have led.' " *Wood v. Carpenter,* 101 U.S. (11 Otto) 135, 141, 25 L.Ed. 807 (1879) (quoting the English Chancery case, *Kennedy v. Greene,* 3 Myl. & K. 722), *quoted in Mitchell v. United States,* 10 Cl.Ct. at 67–68. For the same reason, plaintiff could not show that her claims were inherently unknowable at their accrual dates. From the time that each of the October 1980 through October 1982 claims first accrued, plaintiff was "on inquiry that she had a potential claim." *Braude v. United States,* 218 Ct.Cl. 270, 274, 585 F.2d 1049, 1052 (1978); *see also Welcker v. United States,* 752 F.2d at 1580–81. Her plea of ignorance cannot rescue this portion of the suit from the time bar.

Plaintiff next protests that the statute of limitations' underlying policy goals would not be disturbed were she permitted to proceed in toto with this suit (Pl. Further Reply at 3). Undoubtedly, the public policy of avoiding faded memories and scattered evidence forms part of the rationale for the statute of limitations. *Braude v. United States,* 218 Ct.Cl. at 278, 585 F.2d at 1054; *Rogers v. United States,* 15 Cl.Ct. 692, 697 (1988); *McDonnal v. United States,* 9 Cl.Ct. at 634. However, because it governs suits against the sovereign, the limitations statute possesses an additional characteristic. It is a "condition" on the sovereign's consent to be sued. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). And because the sovereign can be sued in this or any court only to the extent that it has consented, *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584,

587–88, 61 S.Ct. 767, 770–71, 85 L.Ed. 1058 (1941); *Tucker v. United States,* 7 Cl.Ct. 374, 376 (1985), claims which accrued more than six years prior to being filed here are "beyond the court's power to hear and decide." *Mitchell v. United States,* 10 Cl.Ct. at 67. Thus, even if this court found plaintiff's policy argument persuasive, it would still lack power to entertain her claims which accrued prior to October 1982.

### V

Defendant's motion to dismiss the complaint is GRANTED insofar as the complaint seeks recovery of survivor benefit payments for the period from October 15, 1980 to October 18, 1982, but is DENIED insofar as the complaint seeks survivor benefits for the period since October 18, 1982. The suspension of proceedings heretofore imposed pending resolution of defendant's dispositive motion is hereby lifted.

---

10. *See* affidavit of Jewell M. Hart, ¶ 4 (appendix to complaint).